STATE OF HAWAII, Plaintiff-Appellant, *v.* MICHAEL ROY SOTO, Defendant-Appellee

NO. 7773

APRIL 23, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* Once again we are required to deal with the problem of interpreting the speedy trial provisions of Rule 48(b),[1] Hawaii

---

[1] Rule 48(b): [T]he court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

(1) the date of arrest. . . .

Rules of Penal Procedure (HRPP). This appeal by the State raises the question of whether under HRPP Rule 48(c)(1) the six-month period within which an accused must be brought to trial is tolled by reason of any proceedings concerning the accused on account of pretrial motions filed by him. And, if it is tolled, it raises a further question: What period is required to be tolled? For reasons set forth herein, we reverse.

I.

Of a multiple-count indictment against the defendant-appellee Michael Roy Soto, we need only to deal with Count VII, extortion, § 707-764(2) and § 707-768, Hawaii Revised Statutes (HRS) (Supp. 1980), and Count VIII, assault in the second degree, HRS § 707-711(1)(a) (1976), which were dismissed by order of the trial court on February 11, 1980 for lack of speedy trial and from which order the State has filed this appeal.

Defendant was arrested for the crime of extortion on June 5, 1979 and for the crime of assault on June 6, 1979. He was not indicted for these crimes until October 30, 1979. Arraignment was held on November 14, 1979, and the court set December 5, 1979 as the last date for filing of pretrial motions under HRPP 12(c)[2] and December 21, 1979 as the date for trial.

After arraignment, during the period set aside for pretrial motions by the court, defendant filed a series of pretrial motions[3] as follows:

November 14 — Motion for release on own recognizance.[4]

November 15 — Motion to dismiss on grounds of faulty indictment.[5]

---

[2] *Motion Date.* Pretrial motions and requests must be made within 21 days after arraignment unless the court otherwise directs.

[3] Other motions were filed subsequently (after December 6, 1979, the prospective date the six-month period would have expired had there been no pretrial motions filed), but we need not deal with them for the purpose of this appeal.

[4] This motion was not decided by the court until December 13, 1979.

[5] For reasons that are not clear in the record, the State did not file a memorandum in opposition to the motion until February 19, 1980. Defendant filed no objection. We assume that it was done with the concurrence of the court. The court denied the motion thereafter.

November 20 — A stipulation for grand jury transcript. A stipulation for psychiatric examination.[6]

In granting defendant's motion to dismiss, the trial court did not exclude any periods of delay attributable to the foregoing pretrial motions filed by defendant; it concluded that as of December 6, 1979, six months had elapsed from the dates of defendant's arrest; hence, he was entitled to a dismissal under Rule 48(b).[7]

## II.

Rule 48(c) provides:

(c) *Excluded Periods.* The following periods shall be excluded in computing the time for trial commencement:

(1) periods of delay resulting from collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals and trials of other charges;

Hence, the State argues that the trial judge erred in dismissing the charges when he ignored the above rule in computing the six-month period.

We agree with the State. Specific exclusions are provided for by Rule 48(c) and where the events fit the exclusions, the running of the six-month limitation period is tolled. The commentary to Rule 48(c)(1) is explicit in this regard, for it states: "The events which justify a tolling of the period are set forth specifically. . . ."

The question is then raised: What period is required to be tolled? Granted, the language of Rule 48(c)(1) is ambiguous. The comprehensive term "proceedings" seems to suggest that the entire period from the filing to the disposition of the motion be excluded, but such an interpretation would make the word "hearings" superfluous.

---

[6] The motion was granted. Following the psychiatric report, a stipulation, dated December 19, 1979, for mental examination was filed and ordered. The report became due on January 3, 1980.

[7] Although the trial court appears to have concluded that the 21 days set aside for pretrial motions were part of the six-month period, we do not deem it to be an issue in this appeal.

Given such ambiguity, we are required to construe and interpret the rule in question. *State v. Park,* 55 Haw. 610, 525 P.2d 586 (1974). We think a rational, sensible and practical interpretation, one which will permit accomplishment of the purpose of the rule, should be preferred to one which is unreasonable or impracticable, or that would hinder or retard the accomplishment of that purpose. *Territory v. Merseberg,* 35 Haw. 248, 251 (1939). Consequently, we opt for an interpretation of the rule that avoids confusion and lends itself to easy application. We choose to follow the language appearing in paragraph (F) of the Federal Speedy Trial Act.[8]

(h) The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to —

. . . .

(F) delay resulting from any pretrial motion, *from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;*

We hold that in computing the time within which the trial of defendant must commence, any delay resulting from any pretrial motion concerning the defendant shall be excluded from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. In light of our ruling, we hold that the trial court erred in dismissing Counts VII and VIII of the indictment against defendant.

It may be argued that the interpretation which we have adopted today encourages delay and is contrary to the intent of Rule 48. On the contrary, our ruling should not encourage delays. Subject to appropriate discipline by the court, we think procrastination can be avoided and due compliance within the purview of the rule can be effectuated.

We stated in *State v. Estencion,* 63 Haw. 264, 625 P.2d 1040 (1981), that the purpose of HRPP 48 is to ensure an accused a speedy trial, which is separate and distinct from his constitutional protection to a speedy trial, but its purpose is also to relieve congestion in the

---

[8] 18 USC § 3161(h)(1)(F) (Supp. III 1979) (emphasis added).

trial courts and to advance the efficiency of the criminal justice process.

We do not view Rule 48 as the sole responsibility of the prosecutor; the prosecutor, the court and the accused share responsibility for carrying out the speedy-trial requirements of Rule 48. Every pretrial motion is subject to prompt disposition through due diligence by all concerned.

Defendant points to the fact that the State was responsible for the major period of delay. He was arrested on June 5 and 6 and was not indicted until November 13. The simple answer to defendant's contention is that the rule provides for six-month delay and not something less.

Reversed.

*Stanford H. Masui,* First Deputy Prosecuting Attorney, on the brief for plaintiff-appellant.

*Stanford Nakamoto,* Deputy Public Defender, on the brief for defendant-appellee.