STATE OF HAWAII, Plaintiff-Appellant, *v.* STEVEN EACHUS SUJOHN, Defendant-Appellee

NO. 7954

CRIMINAL NO. 53075

MAY 14, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT, JJ. AND RETIRED JUSTICE MENOR, ASSIGNED BY REASON OF VACANCY

*Per Curiam.* This is an appeal from an order granting, with prejudice, a motion to dismiss an indictment for murder. Although

the order does not so state, it is obvious, from the record, that it was based upon Rule 48(b), HRPP, allowing the trial court, in its discretion, to dismiss the charge if trial is not commenced within six months from the date of arrest. We reverse.

Appellee was arrested April 22, 1979. On June 6, 1979, his counsel filed a notice of intention to rely on the defense of physical or mental disease, disorder or defect and on June 18, 1979, a motion for examination of defendant with respect to physical or mental disease, disorder or defect. The indictment was not, however, returned until July 3, 1979. On July 16, appellee was arraigned and pleaded not guilty to the charge, and on that day, pursuant to § 704-404, HRS, the court ordered a mental examination of the appellee. On August 6, 1979, an amended order, substituting one doctor for another on the panel of three examiners, was entered. On August 29, 1979, appellee filed a motion to dismiss the indictment on the grounds other than appellee's mental capacity, and a motion to suppress eye-witness identification. Both motions were made returnable October 17, 1979. However, by minute order dated October 16, 1979, they were continued until November 21, 1979 *at the request of appellee's counsel.* On October 16, 1979, appellee filed a motion for judgment of acquittal on the basis of mental disease, disorder or defect, excluding penal responsibility. That motion was made returnable at the same time as the two pending motions.

Apparently, from the court's minutes, however, the only motion heard on November 21, 1979 was the motion for judgment of acquittal. On December 31, 1979, the public defender's office withdrew and private counsel was appointed for appellee. On May 1, 1980, the court below entered its order denying the motion for judgment of acquittal.

A pre-trial conference was scheduled for May 8, 1980 but continued to July 3, 1980 with pre-trial motions to be filed by June 18, 1980. On May 9, 1980, appellee moved for an interlocutory appeal from the order denying the motion for acquittal and on May 21, 1980, appellee filed a "Motion for Hearing Transcript" with respect to the hearing on the motion for acquittal on the ground that such transcripts were necessary for the court to pass upon the motion for an interlocutory appeal.

On June 18, 1980, appellee filed his motion to dismiss the indictment because of delay and withdrew his motion for an inter-

locutory appeal. A pre-trial conference (which, apparently was never held) was set by the court for Thursday, June 26, 1980 and it was noted, in the record, that the motion to suppress identification would be heard on July 2, 1980. On July 2, 1980, the motions to dismiss the grand jury indictment, to dismiss the indictment and for a continuance of the trial were heard. The minutes and the hearing transcript do not reflect that the motion to suppress identification was ever even mentioned at the hearing. The motion to dismiss the grand jury indictment was denied and the motion to dismiss the indictment and for continuance of trial was taken under advisement. Thereafter, on July 3, 1980, after further hearing, the court orally granted the motion to dismiss the indictment and after a motion for reconsideration had been filed on July 24, the order appealed from was entered.

Rule 48, HRPP, reads as follows:

(a) *By Prosecutor.* The prosecutor may by leave of court file a dismissal of a charge and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

(b) *By Court.* Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

(1) the date of arrest or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or

(2) from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant; or

(3) from the date of mistrial, order granting a new trial or remand, in cases where such events require a new trial.

Clauses (b)(1) and (b)(2) shall not be applicable to any offense for which the arrest was made or the charge was filed prior to the effective date of the rule.

(c) *Excluded Periods.* The following periods shall be excluded in computing the time for trial commencement:

(1) periods of delay resulting from collateral or other proceedings concerning the defendant, including but not

limited to penal irresponsibility examinations and periods during which he is incompetent to stand trial, hearings on pre-trial motions, interlocutory appeals and trials of other charges;

(2) periods of delay resulting from congestion of the trial docket when the congestion is attributable to exceptional circumstances;

(3) periods of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel;

(4) periods of delay resulting from a continuance granted at the request of the prosecutor if:

(i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date; or

(ii) the continuance is granted to allow the prosecutor additional time to prepare his case and additional time is justified because of the exceptional circumstances of the case;

(5) periods of delay resulting from the absence or unavailability of the defendant;

(6) the period between a dismissal of the charge by the prosecutor to the time of arrest or filing of a new charge, whichever is sooner, for the same offense or an offense required to be joined with that offense;

(7) a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance; and

(8) other period of delay for good cause.

Apparently, the court below felt that even after the excluded periods set forth in Rule 48(c) had been taken into consideration that nevertheless, more than six months unexcused delay had occurred between arrest and the time the motion in question was granted. Here, the defendant was arrested on April 22, 1979. He was not indicted until July 3, 1979 but in the meanwhile, on June 6, 1979, the defendant had filed a notice of intention to rely on the defense of

physical or mental disease, disorder or defect pursuant to § 704-404, HRS. As we noted in *State v. Soto,* 63 Haw. 317, 627 P.2d 279 (1981), the exclusion in Rule 48(c)(1), HRPP, of periods of delay should be taken from the filing of the motion through the conclusion of the hearing on or other prompt disposition of the motion. The motion here was filed June 18 and heard November 21, 1979.

The period from April 22 to June 18, 1979 was one month and 27 days. The time elapsed from the hearing of November 21, 1979 to the order of May 1, 1980 was five months and nine days. Thus, the delay period up to that order, if we were dealing only with the motion for judgment of acquittal based upon the results of the examination, might be said, mathematically, to equal seven months and six days. Nine additional days thereafter elapsed before appellee's motion for an interlocutory appeal was disposed of. During the remaining period from May 9th until the order appealed from was entered, there were always appellee's other motions pending.

We said in *Soto:*

> We do not view Rule 48 as the sole responsibility of the prosecutor; the prosecutor, the court and the accused share responsibility for carrying out the speedy trial requirements of Rule 48. Every pre-trial motion is subject to prompt disposition through due diligence by all concerned.

The record is devoid of any suggestion on the part of appellee or his counsel, in the period between November 21, 1979 and May 1, 1980, that the court should speed its disposition of the motion or that appellee's right to a speedy trial was being violated by the continuing pendency of that motion without decision. All parties were at fault but we are not required, in this case, to attempt an apportionment of the delay among the parties.

This is so because throughout the period of time from August 29, 1979 to the date of the dismissal of the charge below, there remained, pending and unheard, the motion to suppress the identification. Obviously, this was a motion which would have to be disposed of before trial and thus, would delay trial while it was pending. As we have noted, that motion originally was set for hearing on October 16, 1979. It was continued to November 21, 1979 at the request of the defense and then apparently was not heard. In fact, the record reflects that it was never heard and certainly, it was never disposed of.

As we said in *State v. Soto, supra:*
We choose to follow the language appearing in paragraph (F) of the Federal Speedy Trial Act:

(h) The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

.   .   .   .

(F) delay resulting from any pretrial motion, *from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;*

63 Haw. at 320.

Under *Soto,* the provisions of Rule 48(c)(1), HRPP, applied to exclude the time during which the motion to suppress was pending.

We do not reach the question of the applicability of Rule 48(c)(8), HRPP, argued by the State since a specific exception, that contained in Rule 48(c)(1), was applicable. *State v. Gillis,* 63 Haw. 285, 626 P.2d 190 (1981). Given the exception, the six-month period for commencement of the trial, from the date of arrest, had not run and the order below was erroneous.

We add that, on the record before us and applying the four-part test which has been adopted in such cases as *State v. Nihipali,* 64 Haw. 65, 637 P.2d 407 (1981), we see no infringement of appellee's constitutional right to a speedy trial in this case.

Reversed and remanded for further proceedings in accordance herewith.

*Keith M. Kaneshiro,* Deputy Prosecuting Attorney, on the brief, for appellant.

*William H. Brady,* on the brief, for appellee.