STATE OF HAWAII, Plaintiff-Appellant, *v.* ANNIE B.
MILLER, also known as Annie B. Mayes, and JAMES
EDWARD MILLER, Defendants-Appellees

NO. 8902

(F.C. CRIMINAL NO. 28)

NOVEMBER 2, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

The State appeals the lower court's dismissal with prejudice of Count I of a two-count indictment. The issue is whether the lower court erred when it decided that Hawaii's speedy trial rule, Rule 48 of the Hawaii Rules of Penal Procedure (HRPP), mandated dismissal of Count I. We find error and reverse.

On April 29, 1981, defendants Annie B. Miller (Mrs. Miller) and Edward Miller (Mr. Miller) were indicted for assault in the first degree of Mrs. Miller's minor child in violation of Hawaii Revised Statutes (HRS) § 707-710 (1976), a class B felony.

On September 3, 1981, a jury trial was scheduled in the family court for the week of October 4, 1981.

The court's minutes of a pretrial conference held on September 23, 1981 state as follows:

Counsel need more discovery. Minor in Tennessee. Defense requesting continuance. Stipulation, Waiver, & Order by 4:00 p.m., Tuesday, Sept. 29, 1981. Victim is 6 yrs. old, mentally retarded. Minor with natural father.

Although no stipulation, waiver, and order was ever filed, the trial was continued indefinitely. There is nothing in the record indicating that the continuance or the Millers' request or consent was conditioned upon the filing of a stipulation, waiver, and order or that the prosecutor was under some affirmative duty if it was not filed.

On November 4, 1981, Count II was added to the indictment which charged the Millers with endangering the welfare of a minor in violation of HRS § 709-904 (1976), a misdemeanor.

The court's minutes of the arraignment and plea hearing for Count II held on January 29, 1982 state that counsel for Mr. Miller "represented the matter had been set for trial but was moved off the calendar because of some negotiations between counsel and that they have not moved it back on the calendar again." At that hearing, none of the parties asked for a trial date and none was set.

On April 30, 1982, the lower court, upon its own motion, scheduled a jury trial for the week of August 2, 1982. The court's minutes of the July 12, 1982 pretrial conference indicate that the Millers were willing to plead guilty to Count II in exchange for a dismissal of Count I. The deputy prosecutor was willing to make such a bargain but had to obtain authority from her superiors to do so. Apparently, she was unable to obtain such authority.

On July 19, 1982, Mrs. Miller moved for a dismissal of the indictment with prejudice for violation of the six-month mandatory trial commencement requirement of Rule 48(b), HRPP. Mr. Miller joined in the motion. Although the lower court granted the motion only as to Count I, only the State appealed.

Rules 48(c)(1) and (3), HRPP, state in relevant part as follows:

(c) Excluded Periods. The following periods shall be

excluded in computing the time for trial commencement:
(1) periods of delay resulting from hearings on . . .
pretrial motions, interlocutory appeals. . . ;
(3) periods of delay resulting from a continuance
granted at the request or with the consent of the defendant
or his counsel[.]
The lower court found and concluded that none of the period after April 29, 1981 was excludable.

Our first question is, what is the applicable standard of appellate review? The relevant case law is confusing. *State v. Estencion,* 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981), quotes Rule 48(b), HRPP, as stating that the trial court "may dismiss the charge, with or without prejudice in its discretion." The word "may" is a misquote. It should have been "shall." In footnote 4 of *State v. Durry,* 4 Haw. App. 222, 665 P.2d 165 (1983), we contributed to the confusion.

Under the pre-January 1, 1977 version of Rule 48(b), HRPP, all speedy trial questions had been addressed to the trial court's discretion. On January 1, 1977, Rule 48(b) was amended to its present form.

Under current Rule 48(b), the question of whether the charge is to be dismissed with or without prejudice is still a matter of discretion. *State v. Estencion, supra,* holds that the question under Rule 48(c)(8), HRPP, whether periods of delay other than those excludable under Rule 48(c)(1) through (7) are for "good cause" is also a matter of discretion, and the standard of review is that of abuse of discretion. However, *State v. Herrera,* 63 Haw. 405, 629 P.2d 626 (1981), holds that the answer to the question under Rule 48(c)(2), HRPP, whether periods of delay resulted from congestion of the trial docket when the congestion is attributable to exceptional circumstances is a finding of fact which is subject to the clearly erroneous standard of review. *State v. Herrera, supra,* states:

"Exceptional circumstances," like "good cause," is dependent on the facts of each case. The evidence, based upon all legitimate inferences and deductions, facts admitted or known, and matters [of] which judicial notice may properly be taken, supports [Judge Honda's] findings. Findings of the trial court will not be disturbed unless clearly erroneous.

Since the questions under Rule 48(c)(2) and (8) are admittedly similar, we do not know why different standards of review are applicable to them. Moreover, although the lower court's determination of the facts involves the clearly erroneous standard of review, the question of whether the facts as found constitute any of the excluded periods of delay described in Rules 48(c)(1) through (8) is, in our view, a question of law which involves the right/wrong standard of review. *See Wohlschlegel v. Uhlmann-Kihei, Inc.,* 4 Haw. App. 123, 662 P.2d 505 (1983), *cert. granted,* 66 Haw. ___ (June 1, 1983); *Davis v. Davis,* 3 Haw. App. 501, 653 P.2d 1167 (1982); *American Security Bank v. Read Realty, Inc.,* 1 Haw. App. 161, 616 P.2d 237 (1980). In footnote 5 of *Davis v. Davis, supra,* we stated: "Under the right/wrong standard, we examine the facts and answer the question without being required to give any weight to the trial court's answer to it." Under that standard, if we decide that the facts constitute an excluded period, then the current version of Rule 48(c) mandates exclusion of the period. The lower court has no discretion. If we decide that the facts do not constitute an excluded period, then Rule 48(c) is inapplicable.

Here, the lower court found that the September 23, 1981 continuance was granted at the request or with the consent of the defendants or their counsel. That finding of fact is neither challenged nor clearly erroneous. The question of law is whether that fact constitutes the excluded period described in Rule 48(c)(3), HRPP. Obviously, it does. Despite Rule 48(c)(3)'s mandate that periods of delay described therein "shall be excluded," the lower court ruled that the period after September 23, 1981 was not excludable. The court's reasons for its ruling were as follows:

> [T]he prosecution, during this period, was aware that the defense and the prosecution had entered into an agreement to continue the matter and that the waiver and order relating to the defendants' speedy trial was to be filed by September 29, 1981. The prosecution was on notice that that document had not come in. As opposed to informing the Court of some problems relating to whatever negotiations were going on during that time, the state went ahead and got Count II and amended the indictment. And the state

was aware that the documents had not been filed; and it was incumbent upon the state at that time, as opposed to seeking an amended indictment, to put the Court on notice that the state was not going to enter into any kind of plea negotiations but was going forward with the prosecution. And as opposed to getting an amended indictment, the state should have moved for a continuance or moved that the Court set this matter for trial.

It may be that the lower court tacitly found as a fact that the continuance was of a limited duration or that it was conditioned upon the filing of a stipulation. If so, such a finding was clearly erroneous. The record shows that the continuance was of an indefinite duration, which meant that the case was off the trial calendar until moved on by either party or the court.

It may be that by way of a conclusion of law the lower court imposed a legal duty upon the State to take action after the time passed for the filing of the stipulation. If so, it erred because the State has no duty under Rule 48 to shorten or terminate a continuance granted at the request of defendant's counsel.

Since the defendants did not request an end to the continuance, the entire period from September 23, 1981 to July 19, 1982 is an excluded period under Rule 48(c)(3), HRPP. Consequently, Rule 48's six-month mandatory trial commencement requirement has not yet been violated.

Reversed and remanded for further proceedings consistent with this opinion.

*Thomas Pico,* Deputy Prosecuting Attorney (*Arthur E. Ross,* Deputy Prosecuting Attorney, on the briefs) for plaintiff-appellant.

*Joseph Dubiel* (joinder in answering brief) for defendant-appellee Annie B. Miller.

*Marcia Waldorf,* Deputy Public Defender (*Reginald M. Sealey,* Deputy Public Defender, on the briefs; joinder in oral argument) for defendant-appellee James Edward Miller.