STATE OF HAWAI'I, Plaintiff-Appellant,
v.
RICHARD BATTEY, Defendant-Appellee.
No. 28642
Intermediate Court of Appeals of Hawaii.
June 30, 2009.
On the briefs:
Stephen K. Tsushima, Deputy Prosecuting Attorney,, City & County of Honolulu, for Plaintiff-Appellant.
Laura Yoshida, for Defendant-Appellee.

MEMORANDUM OPINION
WATANABE, Acting C.J., FOLEY and FUJISE, JJ.
Plaintiff-Appellant the State of Hawai'i (State) appeals the "Order Granting Defendant's Motion to Dismiss Charges for Violation of [Hawai'i Rules of Penal Procedure (HRPP)] Rule 48", filed on June 15, 2007 in the Circuit Court of the First Circuit (circuit court).[1]
On appeal, the State contends the circuit court erred by (1) dismissing the charge against Defendant-Appellee Richard Allan Battey (Battey) for failure to bring the case to trial within six months and (2) dismissing the charge against Battey with prejudice.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's points of error as follows:
The State challenges the circuit court's dismissal of this case for a violation of HRPP Rule 48 inter alia because the circuit court found that 230 days had elapsed under this rule. "[T]o determine whether dismissal was required under HRPP Rule 48, the start date and all excludable periods must be identified." State v. Diaz, 100 Hawai'i 210, 222, 58 P.3d 1257, 1269 (2002). This was not done by the circuit court.
Although the circuit court did not determine the number of days that had elapsed as of the date of Battey's motion to dismiss, the record reveals that a total of four hundred eighty-three days elapsed from January 20, 2006, when Battey was arrested, until May 17, 2007, when he filed his Motion to Dismiss Charges for Violation of HRPP Rule 48.
The circuit court also did not rule on the possible excludable periods claimed by the State. If the facts constitute any one of the excluded periods described in Rule 48(c),[2] the rule mandates exclusion of the period without any discretion being vested in the trial court. State v. Miller, 4 Haw. App. 603, 606, 671 P.2d 1037, 1040 (1983). Thus, we turn to an examination of the facts of this case. We conclude that the following periods of time are excluded for the following reasons:
1. Battey did not appear for trial call as scheduled on March 30, 2006 and April 4, 2006. The circuit court issued a bench warrant for Battey's arrest on April 4, 2006 and the case was set for trial. Battey appeared for trial call on April 27, 2006 pursuant to the execution of the bench warrant. "A defendant should be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained or he resisted being returned to the state for trial." State v. Jackson, 8 Haw. App. 624, 630, 817 P.2d 130, 134 (1991) (citation and internal quotation marks omitted). A defendant's failure to make a required court appearance constitutes consent to delay. State v. Anglin, 227 Or. App. 325, 333, 206 P.3d 193, 197 (2009). The period from March 30, 2006 to April 27, 2006, or twenty-eight days, is therefore excluded under HRPP Rule 48(c) (5) as Battey did not appear for his required court dates and the case could not proceed.
2. On April 27, 2006, the circuit court continued Battey's trial date to July 3, 2006. Battey's counsel, having just spoken to Battey over the phone "the other day" and having his first in-person contact with Battey in court on April 27, 2006, asked "for a continuance in the normal course." Thus, although the first trial date is unclear from the record, the first trial date was postponed by his counsel, who asked for a continuance "in the normal course." Thus, at a minimum, the time period from Battey's counsel's request until the new trial date, or sixty-eight days, is excluded under HRPP Rule 48(c)(3). See State v. Samonte, 83 Hawai'i 507, 516, 928 P.2d 1, 10 (1996) (Delay of 46 days from newly appointed counsel's motion for continuance to new trial date was excludable under HRPP Rule 4 8 (c) (3) ) .
3. Battey's counsel also stipulated to a continuance of the July 3, 2006 trial date until September 18, 2006, resulting in a delay of 77 days. HRPP Rule 48(c)(3).
4. On August 30, 2006, Battey's counsel filed a motion to withdraw. At the hearing on the motion, Battey expressed his frustration with counsel for not following up with Battey's investigation of the arresting officer, and that Battey had not yet received a copy of his preliminary hearing transcript. Counsel explained that he had requested the transcript twice and had gone personally to speak with the court reporters without results. Counsel also reported he and Battey had disagreed "about witnesses as well as some evidence he wants." The circuit court warned Battey that by insisting on a change of lawyers his trial would be delayed. Battey said he understood and also said that "the investigation is going to take more time." As a result, the circuit court moved the trial date back to October 30, 2006. The time from the previous trial date on September 18, 2006 to the new trial date of October 30, 2006 or 43 days, is excluded under HRPP Rule 48(c)(3).[3]
5. At the September 28, 2006 trial call, Battey's new counsel, who had just met Battey that day, asked for a continuance of the pretrial motions deadline and the trial date. Counsel, after consultation with Battey, announced that Battey was willing to waive his speedy trial and Rule 48 rights "for the purposes of this continuance." The circuit court continued the pretrial motions deadline to October 20, 2006 and the trial to November 20, 2006. The period between the previous trial date, on October 30, 2006 and the new trial date, November 20, 2006, a period of 21 days is excludable under HRPP Rule 48(c)(1).
6. On December 4, 2006, Battey moved for a bill of particulars, or in the alternative, to dismiss the charge. On December 15, 2006, Battey also filed a motion to suppress evidence. Both motions were heard on January 12, 2007, when the circuit court denied the motion to suppress and Battey's counsel withdrew the motion for a bill of particulars or to dismiss. The time period needed to decide a defendant's motion to dismiss or to suppress evidence is excludable under HRPP Rule 48(d)(1). See also State v. Suiohn, 64 Haw. 516, 520, 644 P.2d 1326, 1329 (1982). The period between December 4, 2006 and January 12, 2007 is 3 9 days and is excluded.
7. At the January 12, 2007 hearing, Battey's counsel asked for a continuance of trial to obtain a transcript of that day's proceedings. Trial was reset by the circuit court to March 26, 2006. Upon hearing of this date, the prosecution asked for a week's delay due to its criminalist being on vacation that week. The circuit court then set the trial for April 2, 2007. The period of time between January 12, 2007 and March 26, 2007 is 56 days and is excluded under HRPP Rule 48 (c) (3) . The period of time between March 26, 2007 and April 2, 2007 is 7 days and is excluded under HRPP Rule 48(c) (4) (i) . See State v. Ahlo, 79 Hawai'i 385, 394, 903 P.2d 690, 699 (App. 1995) (Time for scheduled vacation of witness is properly excludable.)
The total number of days excluded under the rule is 339. When subtracted from the total number of days elapsed between Battey's arrest and his motion to dismiss, the balance is 144, and less than the 18 0-day limit provided in Rule 48.
In support of its decision to dismiss, the circuit court found that the delay caused by the failure of the court reporter to provide a transcript of Battey's preliminary hearing should not be excluded from this calculation. However, the circuit court did not find how the delay in production of the transcript delayed the trial. The circuit court found that the preliminary hearing transcript was produced on November 29, 2006. Our review of the record reveals that, with the possible exception of Battey's October 25, 2006 motion to continue trial, Battey's motions to continue either did not rely on the absence of the preliminary hearing transcript or were also based on other reasons, such as a change in counsel or other, ongoing investigations and preparations being conducted by the defense. In any event, once the facts establish that a period of time is excludable under Rule 48, the court has no discretion to ignore the rule's mandate to exclude eligible periods from the Rule 48 computation. Miller, 4 Haw, App. at 606, 671 P.2d at 1040.
Thus, we conclude that the circuit court erred when it dismissed this case. As a result, we need not decide whether the dismissal should have been with prejudice.
Therefore,
IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's June 15, 2007 "Order Granting Defendant's Motion to Dismiss Charges for Violation of HRPP Rule 4 8" is vacated and this case is remanded for further proceedings.
NOTES
[1] The Honorable Michael A. Town presided.
[2] HRPP Rules 48(c) and (d) provide the permissible exclusions in calculating whether a case has reached or surpassed its 180-day limit. Those subsections provide, in relevant part,

(c) Excluded Periods. The following periods shall be excluded in computing the time for trial commencement:
....
(3) periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel;
(4) periods that delay the commencement of trial and are caused by a continuance granted at the request of the prosecutor if:
(i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date; or
(ii) the continuance is granted to allow the prosecutor additional time to prepare the prosecutor's case and additional time is justified because of the exceptional circumstances of the case;
(5) periods that delay the commencement of trial and are caused by the absence or unavailability of the defendant;
. . . .
(8) other periods of delay for good cause.
(d) Per se excludable and includable periods of time for purposes of subsection (c) (1) of this rule.
(1) For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions filed by a defendant, shall be deemed to be periods of delay resulting from collateral or other proceedings concerning the defendant: motions to dismiss, to suppress, for voluntariness hearing heard before trial, to sever counts or defendants, for disqualification of the prosecutor, for withdrawal of counsel including the time period for appointment of new counsel if so ordered, for mental examination, to continue trial, for transfer to the circuit court, for remand from the circuit court, for change of venue, to secure the attendance of a witness by a material witness order, and to secure the attendance of a witness from without the state.
(2) For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions or court papers, shall be deemed not to be excluded in computing the time for trial commencement: notice of alibi, requests/motions for discovery, and motions in limine, for voluntariness hearing heard at trial, for bail reduction, for release pending trial, for bill of particulars, to strike surplusage from the charge, for return of property, for discovery sanctions, for litigation expenses and for depositions.
(3) The criteria provided in section (c) shall be applied to motions that are not listed in subsections (d)(1) and (d)(2) in determining whether the associated periods of time may be excluded in computing the time for trial commencement.
Exclusion of these periods is also dependent upon the event actually causing a delay in the trial. State v. Jackson, 81 Hawai'i 39, 52, 912 P. 2d 71, 84 (1996).
[3] The period of delay caused by Battey's motion for withdrawal of counsel up until the appointment of new counsel is also excluded under HRPP Rule 48(d)(1). See also State v. Senteno, 69 Haw. 363, 368, 742 P.2d 369, 373 (1987) . However, periods of delay can only be counted once. State v. Hoey, 77 Hawai'i 17, 881 P.2d 504 (1994).