**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000607
28-MAY-2021
08:25 AM
Dkt. 74 SO**

NO. CAAP-19-0000607


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KYLE MCKEOWN, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NOS. 2FC12-1-0280, 2FFC-18-171)


<u>SUMMARY DISPOSITION ORDER</u>
(By:  Ginoza, Chief Judge, Leonard and Nakasone, JJ.)


Defendant-Appellant Kyle O. McKeown (**McKeown**), appeals from the April 17, 2018 Order Granting the Plaintiff-Appellee State of Hawaii's (**State**) Motion to Dismiss Without Prejudice (**4/17/18 Order**) filed in 2FC121000280 (**First Case**), and the July 31, 2019 Findings of Fact, Conclusions of Law, and Order (**7/31/19 Order**) filed in 2FFC-18-0000171 (**Second Case**), both entered by the Family Court of the Second Circuit (**Family Court**).[1]

On appeal, McKeown contends the Family Court erred by 1) dismissing First Case without prejudice in the 4/17/18 Order; 2) dismissing Second Case without prejudice, rather than with prejudice, in the 7/31/19 Order, under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 48, and (3) dismissing Second Case without

_____

[1]    The Honorable Richard T. Bissen presided.

prejudice, rather than with prejudice, in the 7/31/19 Order, for a speedy trial violation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we dismiss the appeal from First Case for lack of jurisdiction, and we vacate and remand for further findings as to Second Case.

Both First Case and Second Case charged McKeown with the 2012 second-degree murder of his four-year-old son. The indictment in First Case was filed on June 29, 2012. On April 17, 2018, over five years later, the State filed a Motion to Dismiss Without Prejudice, citing "pending further investigation" as the reason for dismissal; the Family Court granted the motion the same day. On May 23, 2018, McKeown was reindicted for the same charge, this time along with a co-defendant Grace Lee-Nakamoto as a principal and/or accomplice.[2] On May 15, 2019, McKeown filed a Motion to Dismiss for Violation of HRPP Rule 48 (**Rule 48 motion**), and on June 13, 2019, McKeown filed a Motion to Dismiss for Violation of Constitutional Rights and Speedy Trial (**speedy trial motion**) which were both heard on June 19, 2019. The Family Court, taking judicial notice of the files and records of both First Case and Second Case, orally granted both motions dismissing Second Case without prejudice. The Family Court subsequently filed findings of fact (**FOF**) and conclusions of law (**COL**) in its 7/31/19 Order.

**No jurisdiction over First Case**

As to First Case where McKeown appeals from the 4/17/18 Order, we lack jurisdiction. The Family Court entered its order dismissing First Case on April 17, 2018 without prejudice, and McKeown did not timely appeal the dismissal. McKeown's August

---

[2]  Co-Defendant Grace Lee-Nakamoto's case, in 2FFC-18-000172, remains pending in the Second Circuit Court.

29, 2019 Notice of Appeal from the 4/17/18 Order is untimely because it was filed more than 30 days after the entry of that order.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(b).  Under State v. Nicol, 140 Hawaiʻi 482, 493, 404 P.3d 259, 270 (2017), the Hawaiʻi Supreme Court held that "a circuit court defendant may appeal an order dismissing proceedings without prejudice under HRS § 641-11."  Based on Nicol, we reject McKeown's argument that, "Under Kim, a dismissal of a case without prejudice pursuant to Hawaii Rules of Penal Procedure Rule 48 is reviewable in subsequent prosecution," citing State v. Kim, 109 Hawaiʻi 59, 60, 122 P.3d 1157, 1158 (App. 2005).  Kim has been superceded by Nicol.  See Nicol, 140 Hawaiʻi at 494 n.12, 403 P.3d at 271 n.12 ("To the extent that the ICA's prior decisions in State v. Kim, 109 Hawaiʻi 59, 60, 122 P.3d 1157, 1158 (App. 2005), and State v. Hern, 133 Hawaiʻi 59, 62 n.5, 323 P.3d 1241, 1244 n.5 (App. 2013), suggest that a circuit court defendant may not appeal an order of dismissal without prejudice, they are therefore incorrect.").  McKeown claims that Nicol "did not suggest that such dismissals could not be challenged should the case be recharged upon conclusion of the recharged case." This is an unwarranted interpretation of Nicol, and McKeown has not pointed to any language in Nicol that could fairly support such an interpretation.  Therefore, we lack jurisdiction over the 4/17/18 Order for First Case, and we do not further address this point of error.  See id.

### Insufficient findings in Second Case

As to the 7/31/19 Order in Second Case, McKeown contends that the Family Court abused its discretion by granting both his Rule 48 motion and his speedy trial motion without prejudice, rather than with prejudice.  Much of McKeown's argument on appeal focuses on the reasons for, and the circumstances of, two particular periods of delay that McKeown claims were caused by the State and support a dismissal with

prejudice: (1) the time period of the State's continuance of trial from October 7, 2016 to February 6, 2017 during the First Case proceedings; and (2) the time period between the State's 2018 voluntary dismissal of First Case and reindictment in Second Case.

With respect to the latter time period, the relevant dates can be ascertained in the record, and the Family Court also made a finding about the circumstances of the reindictment in FOF 13.[3] With regard to the earlier time period of the State's 2016 trial continuance, however, there are no specific findings on the dates of, or the reasons for, that continuance in the 7/31/19 Order.

McKeown argues that the Family Court abused its discretion in evaluating the delay caused by the State's continuance of trial, when weighing the circumstances-leading-to-the-delay factor in its Rule 48 dismissal analysis under State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981),[4] and the reasons-

---

[3]  FOF 13 states:

> 13.  With respect to Defendant's contention that he may be prejudiced as a result of the State's reindictment, the Court finds that the Rules of Penal Procedure allow for a dismissal and refiling when there's a change of circumstances or a change in the evidence.  Furthermore, the State's reindictment was not intended to place Defendant in a disadvantageous position . . . .

[4]  Under Estencion, trial courts must consider the following factors, among others, in determining whether to dismiss the case with or without prejudice: "the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." State v. Fukuoka, 141 Hawaiʻi 48, 55-56, 404 P.3d 314, 321-22 (2017) (quoting Estencion, 63 Haw. at 269, 625 P.2d at 1044).  With regard to the second factor of circumstances-leading-to-the-delay, the supreme court has explained that the court "should focus on the culpability of the conduct that led to the delay." Id. at 60, 404 P.2d at 326 (internal quotation marks omitted). "Relevant considerations within this factor may include whether the delay was caused by the State's neglect or deliberate misconduct." Id. (citations omitted).

for-the-delay factor in its speedy trial dismissal analysis under
<u>Barker v. Wingo</u>, 407 U.S. 514 (1972).[5]  McKeown claims that the
State's delay should have led the Family Court to conclude that
dismissal with prejudice was appropriate, rather than dismissal
without prejudice.  Specifically, McKeown asserts that: "[t]he
facts and circumstances that resulted in Rule 48 being violated
were essentially the State's failure to reassign Mr. McKeown's
case to another prosecutor" and that "[b]y requesting more than a
100 day continuance, when 108 includable days had already elapsed
the State caused a Rule 48 violation."  McKeown urges that
pursuant to <u>Visintin</u>, the State's "refusal to assign a different
prosecutor to Mr. McKeown's case and/or the failure of the State
to make Mr. McKeown's case a priority supports dismissing the
instant case with prejudice."

In <u>Visintin</u>, the Hawaiʻi Supreme Court stated that "the
workload of a deputy prosecutor, the election of a new
prosecutor, and court congestion all share common features in
that they are in all but exceptional circumstances recurring,
systemic, foreseeable, and ultimately the government's
responsibility."  143 Hawaiʻi at 160, 426 P.3d at 384.  The
supreme court held that because a prosecutor's workload or
unavailability is a type of "recurring, systemic, foreseeable"

---

[5]      A determination of whether a defendant's speedy trial rights
under the federal and state constitutions have been violated requires applying
the four factors of <u>Barker</u>:  "(1) length of the delay; (2) reasons for the
delay; (3) defendant's assertion of his right to speedy trial; and (4)
prejudice to the defendant."  <u>State v. Visintin</u>, 143 Hawaiʻi 143, 156, 426
P.3d 367, 380 (2018) (quoting <u>State v. Lau</u>, 78 Hawaiʻi 54, 62, 890 P.2d 291,
299 (1995) (citing <u>Barker</u>, 407 U.S. at 530)).  With regard to the second
factor of reasons-for-the-delay, a "deliberate attempt to delay the trial in
order to hamper the defense should be weighted heavily against the
government."  <u>Id.</u> at 159, 426 P.3d at 383.  (quoting <u>Barker</u>, 407 U.S. at 531).
"When a defendant contributes in substantial part to the delay, . . . the
second <u>Barker</u> factor weighs in favor of the prosecution."  <u>Id.</u>  "A more
neutral reason such as negligence or overcrowded courts should be weighted
less heavily but nevertheless should be considered since the ultimate
responsibility for such circumstances must rest with the government rather
than with the defendant."  <u>Id.</u> (internal quotation marks and citations
omitted).

circumstance that is the State's responsibility, it concluded that the reasons-for-the-delay factor in the <u>Barker</u> speedy trial analysis weighed in favor of the defendant.  <u>Id.</u>

In this case, there is no specific finding on the State's continuance, nor any FOF or COL regarding the Family Court's consideration of the role of the State's continuance in its Rule 48 dismissal analysis under <u>Estencion</u> or speedy trial dismissal analysis under <u>Barker</u>.  In granting McKeown's motions, the Family Court necessarily concluded that more than 180 days had passed for Rule 48, and that McKeown's speedy trial right had been violated.  However, there are no findings with dates for the Rule 48 calculations and exclusions.  There are only general findings (FOFs 6-10) containing a summary of the various delays and reasons therefor, without dates, as follows:

> 6.  The Court has not observed any malicious conduct by either party.  Neither party has ever engaged in deliberate misconduct or neglect which would have contributed to a delay in the proceedings;
>
> 7.  Mr. Nardi is the fourth defense attorney appointed by the Court in this case.  It is the Court's observation through no fault of the Defendant, that each time a defense attorney was appointed as counsel, the case was basically restarted.
>
> 8.  The Court also observed that as each new counsel was appointed, the availability or unavailability of expert witnesses became an issue as some experts were not available for at least six months to a year.  To the Defendant's credit most of that time was waived;
>
> 9.  Since the Court was present for all of the hearings, it is the Court's observation that the parties were very much in agreement with the delays and continuances that were occurring for whatever advantage each side may have gained from it;
>
> 10.  With respect to the current counsel's allegation that the State somehow intentionally moved slowly in providing documents to the defense, it is the Court's observation that at the time discovery was being requested and provided between the parties, there were [sic] no counsel complaining or alleging that the State was not in compliance or was intentionally stalling.  It is the Court's observation that the parties appeared to be in agreement with the pace at which the trial was proceeding[.]

In determining that the second <u>Estencion</u> factor of circumstances-leading-to-the-delay was "satisfied," the Family Court concluded in COLs 6 and 7 that:

> 6. With respect to the second factor in <u>Estencion</u>, relevant considerations may include whether the delay was caused by the State's neglect or deliberate misconduct. <u>United States v. Bert</u>, 814 F.3d 70, 80 (2d Cir. 2016).
>
> 7. As noted above, neither party has ever engaged in deliberate misconduct or neglect which would have contributed to a delay in the proceedings. Moreover, it was the Court's observation that the parties were very much in agreement with the delays and continuances that were occurring for whatever advantage each side may have gained from it. Therefore, the second factor in <u>Estencion</u> has been satisfied.

HRPP Rule 12(e) requires a court to state its "essential findings on the record" where factual issues are involved in determining the motion. <u>State v. Hutch</u>, 75 Haw. 307, 330, 861 P.2d 11, 23 (1993) (internal quotation marks omitted). "An HRPP Rule 48(b) motion to dismiss, by its very nature, involves factual issues." <u>Id.</u> HRPP Rule 48(c) mandates that the court exclude certain time periods from its computation in determining whether the 180-day period has run. <u>Id.</u> at 330-31, 861 P.2d at 23. "Before the court may conclude as a matter of law that any of the excluded time periods set forth in HRPP 48(c) have been established, it must first make the appropriate FOF." <u>Id.</u> at 331, 861 P.2d at 23. Pursuant to HRPP Rule 48(c)(3), "the court must find whether any period of delay resulting from a continuance was granted at the request or with the consent of the defendant or his or her counsel," before concluding that any resulting period of delay is excludable. <u>Id.</u> (citing <u>State v. Miller</u>, 4 Haw. App. 603, 606-07, 671 P.2d 1037, 1040 (1983)).

In their briefing on appeal, the parties assume the dates and the reasons for the State's 2016 continuance as a given. Neither side has provided the transcript for the relevant continuance hearing, which appears to have been held on October 12, 2016. The record contains an Order Granting State's Motion to Continue Trial filed November 2, 2016, that reflects that

7

trial was continued to February 6, 2017; however, the order does not indicate whether the time was charged to the State, or not, and whether any objection to the continuance was lodged by McKeown under HRPP Rule 48(c)(3). The State's 2016 continuance was argued at the June 19, 2019 hearing on the motions to dismiss, but the Family Court made no specific finding on this continuance, or the reason for this continuance, and we cannot tell whether and how it was considered by the court in its evaluation of the <u>Estencion</u> and <u>Barker</u> factors. Because the parties do not agree that the delay caused by the prosecutor was inexcusable and foreseeable under <u>Visintin</u>, and assuming *arguendo* it was, whether this reason for delay would support a dismissal with or without prejudice -- the current record is "inadequate to permit meaningful review of the trial court's exercise of discretion[.]" <u>Hern</u>, 133 Hawaiʻi at 61, 323 P.3d at 1243.

The parties in their briefings do not dispute the Family Court's finding of the total time and total excludable number of days set forth in FOF 3 of the 7/31/19 Order, which states:

> 3. From the time of Defendant's initial charge of Murder in the Second Degree in the District Court to Defendant's most recent jury trial date set for May 20, 2019, approximately two thousand five hundred forty-four (2,544) days have elapsed. Approximately two thousand one hundred eighty-eight (2,188) days of the 2,544 days are excluded pursuant to Rule 16 of the Hawaii Rules of Penal Procedure. Based on the above figures, the parties have conceded that the time restriction pursuant to Rule 48 of the H.R.P.P. has been exceeded by approximately one hundred eighty (180) days[.]

While the parties agree to the number of excludable days, no finding provides the dates for the excludable and includable days to explain how those were calculated, and which side was responsible, if any, for those delays. There is no finding that states the specific number of days Rule 48 was exceeded by; FOF 3 only states that the rule was "exceeded by approximately one hundred eighty (180) days." Adding to the confusion, McKeown

uses various calculation figures in his briefs, and does not reference the sources of the defense's number(s).[6]  By contrast, the State does not include any calculation figures in its brief.[7]  Because the 7/31/19 Order lacks sufficient detail, there are references to court minutes to establish various dates of delay in the briefs, which is not a proper use of court minutes.[8]

The lack of specificity in the Family Court's findings creates an "inordinate burden" on this court to conduct "a searching review of the record" to decipher the parties' dates and calculations, to determine whether the trial court abused its discretion.  Hern, 133 Hawai'i at 61, 323 P.3d at 1243.  The

---

[6]  In the Opening Brief (**OB**), McKeown states, "the Family Court properly held that a violation of Rule 48 occurred where at least 360 includable days had passed."  The 7/31/19 Order does not contain a 360 includable days figure.  While FOF 3 does not provide this calculation, if one subtracts the 2,188 excludable days from the 2,544 total days elapsed, the figure is 356 includable days and not the 360 includable days figure McKeown uses throughout his OB, on pages 10, 11, 15, 19, and 23.  McKeown also sets forth a timeline of dates and Rule 48 computations in his brief, and states: "Thus, at least 344 (108 + 113 + 74 + 49 = 344) of more than 360 includable days of delay had nothing to do with appointment of new counsel or unavailability of experts."  Again, no such figures appear in the 7/31/19 Order that is the subject of this appeal, and McKeown does not provide citations in the record where these numbers can be found.  In the Reply Brief, at pages 4, 9, and 10, McKeown uses a different figure of "356" includable days rather than the "360" includable days figure he used in his OB.  McKeown also uses a figure of "187" includable days:  "The reasons for the final 187 includable days of delay have been discussed in length above and in McKeown's OB, and are incorporated herein."

[7]  The State does not include any figures in its Answering Brief (**AB**), and only references an approximate figure on page 13 as follows:  "The State calculated that approximately six months could not be excluded."

[8]  The State references court minutes throughout its AB to establish dates and events, at pages 2, 3, 4, 10, 16, but minutes are not evidence, and are solely for the court's use.  See State v. English, 68 Haw. 46, 52, 705 P.2d 12, 16 (1985) (holding that "[t]hough the substance of the court's decision is captured in the minutes of court proceedings kept by the clerk who attended the hearing, they do not substitute for the requisite written document; they are merely 'prepared for the court's own use.'  [Rules of the Circuit Courts of the State of Hawai'i (**RCCH**)] Rule 27.").  RCCH Rule 27 and its parallel family court rule, Hawai'i Family Court Rules (**HFCR**) Rule 77.1, both identically provide that: "[t]he court shall cause minutes to be prepared for its own use."  (Emphasis added).

Supreme Court has held that it is improper for this court to assume this burden and attempt to discern non-existent findings which must be determined by the trial court as the factfinder. See Visintin, 143 Hawaiʻi at 157-58, 426 P.3d at 381-82 (disapproving of this appellate court's evaluation of the four Barker factors where the lower court had not stated any findings or conclusions as required by HRPP Rule 12(e) for a speedy trial motion, and the lower court had only relied on a HRPP Rule 48 motion in denying Visintin's motion to dismiss). For these reasons, we must vacate and remand for further findings, including further proceedings as the Family Court may deem necessary.

Therefore, IT IS HEREBY ORDERED that the appeal from the Order Granting the State of Hawaiʻi's Motion to Dismiss Without Prejudice filed April 17, 2018, in the Family Court of the Second Circuit in 2FC121000280, is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that the Findings of Fact, Conclusions of Law, and Order filed July 31, 2019, in the Family Court of the Second Circuit in 2FFC-18-0000171, is vacated, and this case is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, May 28, 2021.


On the briefs:                        /s/ Lisa M. Ginoza
                                      Chief Judge
Matthew Nardi
(Law Office of Matthew Nardi)         /s/ Katherine G. Leonard
for Defendant-Appellant               Associate Judge

Renee Ishikawa Delizo                 /s/ Karen T. Nakasone
Deputy Prosecuting Attorney           Associate Judge
County of Maui
for Plaintiff-Appellee