THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL SOLOMON, Appellant.

Argued November 12, 1946; decided November 27, 1946.

*Arnold Cohen* for motion to reargue motion for enlargement of time.

*Frank S. Hogan, District Attorney* (*Whitman Knapp* of counsel), for motion to dismiss appeal.

*Per Curiam.* After trial in the Court of Special Sessions of the City of New York, the appellant was convicted of a violation of Penal Law, section 1712. The Appellate Division affirmed the judgment. One of the justices dissented and by his leave the appellant brought an appeal to this court on December 22, 1945. More than nine months later — on September 30, 1946 — the appellant moved this court for an enlargement of the time for argument of his appeal. We denied that motion. The appellant now moves for reargument thereof and the District Attorney makes a cross motion for dismissal of the appeal.

Section 536 of the Code of Criminal Procedure says that an appeal to this court must be brought to argument " within ninety days from the taking of such appeal, unless the court for good cause shown, shall enlarge the time for argument." Section 536 further provides: " * * * If the court do not enlarge the time for argument of the appeal, and the argument thereof shall not have been had within the said ninety days, or if the time be enlarged, and the argument be not had within the time granted by the court, the said appeal shall be deemed to have been abandoned and an order dismissing the same shall be forthwith entered by the court without notice. If the court be in recess during all or part of such period of ninety days, an application for an enlargement thereof may be made upon notice served within such period to be heard after the expiration

thereof, if noticed for a day not later than ten days after the court shall have reconvened.''

The policy that underlies these statutory requirements is not open to doubt. Unreasonable delay in the determination of criminal actions is subversive of the public good and a disgrace to the administration of justice (*People* v. *Nelson*, 188 N. Y. 234, 237). The duty of counsel to expedite the disposition of appeals in criminal cases is primarily a duty to the public. Hence the discretion conferred upon this court by section 536 cannot validly be invoked because counsel for an accused is pressed by his professional commitments to individual clients. Nor is the consent of a district attorney any reason why the command of section 536 should be put aside. Nevertheless a contrary impression as to the significance of section 536 has established itself to a considerable degree and quite probably was the cause of the delay of counsel in the present case. For that reason, we are now persuaded not to deal peremptorily with the default of this defendant. We do so in the confidence that this reminder of the importance of section 536 will prevent such defaults in the future.

Motion to dismiss the appeal denied. Motion for reargument of motion for enlargement of time granted, and on reargument order vacated, motion for enlargement of time granted and case set down for argument during the January, 1947, session.