THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN CANNIZZARO, Appellant.

Third Department, May 11, 1955.

*William O'Neill* and *Nathan D. Seeberg* for appellant.

*Ralph S. Cramer, District Attorney,* for respondent.

COON, J. The first count of the indictment accused defendant of willfully setting on fire and burning a dwelling house known as the Sullivan Hotel, owned by defendant, in which there was no human being, in the nighttime on October 28, 1951. The second count accused defendant of the same acts while the

building was insured with intent to prejudice and defraud the insurers. After a lengthy trial the jury rendered a verdict of "guilty as charged" upon which the judgment of conviction was entered. On this appeal defendant-appellant argues that the evidence is insufficient and that there were errors of law at the trial which require a reversal.

Defendant owned and operated the hotel located across from a railroad station in Elmira, N. Y. The ground floor was used as a restaurant and barroom and the second floor was used occasionally by roomers, but was unoccupied at the time of the fire. The third floor was an attic. Defendant had tended bar on the night in question, and closed the establishment at about 1:30 A.M. He testified that everything was in order when he left; that he was the last person to leave the premises, and that he locked all doors. At around 3:30 A.M., the fire department was notified that the hotel was on fire. Upon arrival they found the place in flames, but succeeded in extinguishing the fire before it was destroyed. There was no evidence of a forced entrance to the building. The firemen gained entrance by pushing open a rear door (without breaking it) which had an inside bolt that apparently was not in locked position. Straw was found strewn about the premises from the first floor to the attic, on the stairways, under furniture and stuffed under rafters in the attic. Two sticks with cloth wound around the end in the nature of a torch were also found. There was evidence tending to connect the sticks with a baby bed stored in the attic and the cloth with sheets used within the premises. There is evidence that a small amount of straw was found in the trunk compartment of defendant's automobile after the fire. The fire was clearly of incendiary origin, and that question was not even litigated. The only question for the jury was whether the evidence established beyond a reasonable doubt that the defendant was the perpetrator. In the sense that there was no evidence that anyone saw the fire set or saw the defendant at the premises after the 1:30 A.M. closing, the evidence that defendant set the fire is circumstantial.

Without discussing the mass of evidence contained in the record in detail, in addition to the factors already mentioned there is evidence which would justify a jury in concluding that the defendant was heavily in debt; that his hotel business was not prospering, and that the premises were overinsured. There was also evidence of statements made by defendant to undercover agents which indicated a guilty knowledge of the circum-

stances surrounding the fire. We think the evidence clearly and abundantly establishes the guilt of the defendant. The proof points logically to defendant's guilt and excludes, to a moral certainty, every other reasonable hypothesis. The proven facts are consistent with, and point to, defendant's guilt and are inconsistent with his innocence. It is not essential that the evidence exclude to an absolute certainty the mere possibility that someone else might have set the fire. (*People* v. *Harris,* 306 N. Y. 345.)

With one exception, we do not think the alleged errors during the trial which are urged on defendant's behalf on this appeal, are of sufficient consequence to warrant discussion. The trial was long and bitterly fought. Objections and motions for a mistrial were frequent, as were provocative comments by defense counsel. Nevertheless, the record shows that the defendant's rights were adequately protected throughout, and if any technical error was committed, it was not such as to affect the substantial rights of the defendant. (Code Crim. Pro., § 542.)

The one exception presents a more serious matter, and if it were error at all, would require reversal. A written statement purporting to have been made by defendant's father was received in evidence as bearing upon the credibility of the father who was called as a witness by the People. This statement, written in the Italian language and in an English translation, contained statements implicating the defendant in the crime, such as: " I declared that my son had straw but I did not know at any time where it came from. The first time I saw the straw it was in the garage near the hotel before two days of the fire. We were the only two that knew anything regarding the fire. The night that he burned the hotel he took me home at 7:30 P.M. and he never let me know of the outcome. I also declare that my son John Cannizzaro made the hand made torches to help burn the hotel about twenty days ahead of time. The straw and the torches were kept also in the cellar but I do not know where the straw come from." Cannizzaro, Sr., had been held as a material witness. He was an elderly Italian who could not read or write. An interpreter and a police officer of Italian extraction from another city interviewed him at a hospital, where he was sitting up in a chair. A statement in Italian and a translation in English were there prepared in writing. The two witnesses testified that the statements accurately recorded what the witness told them; that the statements were read to him, and that he made an " X " mark at the end of

each statement. A nurse at the hospital also testified that she was in the room and saw Cannizzaro, Sr., make the '' X '' mark at the end of each exhibit.

Upon the trial the People called Cannizzaro, Sr., as a witness. He denied that he ever saw the torches, or any straw, or that he knew anything about the fire, and denied making his mark on the statements, or even seeing any of the witnesses to his mark. The District Attorney then authenticated the statements by the witnesses mentioned and offered the statements in evidence, saying: '' I stipulated [sic] to the Court and jury that this evidence is introduced and has legal bearing solely on the credibility of this witness.'' A little later the District Attorney said: '' I have so stipulated that it isn't evidence against John.'' And again: '' It is on the credibility of this witness.'' The court received the exhibits in evidence and thereupon immediately explained to the jury the purpose of receiving the statements in evidence under section 8-a of the Code of Criminal Procedure, and added: '' It isn't received as evidence in chief. That is, it is not received and shall not be considered by the jury in any way on the question of the guilt of the defendant. It can only be considered as attacking the credibility of Mr. Cannizzaro, Sr.''

Appellant's contention seems to be twofold. First, that the statement was improperly received as evidence in chief; and secondly, that even if received solely as bearing on the credibility of the witness Cannizzaro, Sr., the jury could not help but consider it as evidence of defendant's guilt. As to the first aspect, the record demonstrates that the limited purpose of the evidence was made emphatically clear to the jury. As to the second, we are asked to presume that the jury failed to heed the instructions of the court and gave improper consideration to the evidence, when the legal presumption is the other way.

The impeachment of a party's own witness by the introduction of a prior inconsistent statement '' in any writing by him subscribed '' has been expressly authorized by the Legislature. (Code Crim. Pro., § 8-a.) Consequently the questioned exhibits were clearly competent. The circumstances under which the statement was taken were thoroughly explored and preliminary cross-examination permitted, and any such matters go to the weight to be given even in the limited field, not the competency. Of course such evidence may be considered *only* as bearing upon the credibility of the witness. (*People* v. *Ferraro,* 293 N. Y. 51.) Here it was carefully limited to that purpose. Probably the

most pointed way that such limitation could be brought home to the jury was a careful explanation and direction at the precise time that the evidence was called to its attention. Moreover, no attempt was made by the District Attorney to exploit the evidence for any other purpose. On the contrary, he again told the jury in summation that it was not evidence against the defendant — "I am telling you right now it isn't."

Though evidence of this type may be considered dangerous, when limited to its proper purpose it is entirely competent. For the trial court to speculate that the jury might make improper use of it, or that it might be prejudicial to the defendant and exclude it, would render the express terms of the statute impotent. When a proper foundation has been laid, as in this record, the statute has fixed the competency. There was no error in admitting the statement of Cannizzaro, Sr., with the limitations appearing in the record.

The judgment should be affirmed.

We note that this appeal was taken on May 8, 1952, and was argued on March 18, 1955. During the interval of nearly three years no application was made for an enlargement of time pursuant to section 535 of the Code of Criminal Procedure. That section directs that the appeal be dismissed without notice under such circumstances, if the argument shall not have been had within ninety days after the appeal was taken. A dismissal was not directed in this case because the practice of deeming an application for enlargement of time unnecessary, if no motion to dismiss is made, or the District Attorney consents to the delay, has become somewhat prevalent. Such is not the case, and we disapprove the practice. Henceforth in appeals to this court in criminal cases we shall consider that the Bar has had adequate notice of the risk of dismissal for noncompliance with the provisions of section 535. (See *People* v. *Solomon,* 296 N. Y. 85, and *People* v. *Fromen,* 308 N. Y. 324.)

BERGAN, J. P., HALPERN, IMRIE and ZELLER, JJ., concur.

Judgment of conviction affirmed.