STATE OF HAWAII, Plaintiff-Appellant, *v.* SCOTT ROBERT FAIR, Defendant-Appellee

NO. 7565

APRIL 23, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM, NAKAMURA, JJ.

*Per Curiam.* Under Rule 48(b), Hawaii Rules of Penal Procedure, if an accused is reindicted for an offense which was previously dismissed against him by the trial court for speedy-trial violation because the accused was not brought to trial within six months[1] after his arrest, is the court required to apply Rule 48(b)(1) or Rule 48(b)(2) to determine the commencement date of the six-month period in another Rule 48(b) motion to dismiss the reindictment?

For reasons set forth herein, we hold that Rule 48(b)(2) is the applicable provision to determine when the six-month period commences to run.

I.

Defendant-appellee Scott Robert Fair was arrested on October 18, 1978 and subsequently indicted for the offense of promoting a detrimental drug, HRS § 712-1247 (1976). Trial was set for May 24, 1979. On May 17, 1979, defendant's motion for dismissal under HRPP 48(b) was granted by the court because more than six months had elapsed from the date of arrest to the trial date. The prosecutor thereupon sought and obtained a new indictment from the grand jury on May 23, 1979, charging the defendant with the same offense.

Upon his reindictment, defendant filed another motion to dismiss under Rule 48(b) on September 14, 1979, again claiming that the six-month rule had been violated. In granting the motion to dismiss, the court used Rule 48(b)(1) to determine whether the six-month period had run; it ruled that the arrest date of October 18 triggers the running of the period, which was contrary to the government's position. The government had argued that Rule 48(b)(2) is the appropriate section to be used; wherefore, the re-

---

[1] Rule 48. *Dismissal.*

(b) *By Court.* Except in the case of traffic offenses, *the court shall, on motion of the defendant, dismiss the charge,* with or without prejudice in its discretion, *if trial is not commenced within 6 months from:*

(1) *the date of arrest* or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or

(2) *from the date of* re-arrest or *re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant;* [Emphasis added.]

filing date of the charge on May 23 triggers the running of the period.

The State appeals, and we reverse.

## II.

We hold that it was error for the trial court to rule that the date of arrest under Rule 48(b)(1) controls the disposition of the motion to dismiss. We are guided by the Commentary of Rule .48:

> The running of the 6 months begins with the arrest or filing of the charge, *but the circumstances in which the same offense becomes a "new case" because the defendant succeeds in getting the first charge dismissed or because for some reason a second trial must be had, are provided for and the 6 months period begins to run only from the event requiring a second trial.* [Emphasis added.]

Obviously then, where the reindictment was the circumstance in which the same offense became a "new case" because the defendant succeeded in getting the first charge dismissed, the six months period begins to run only from the event of the re-filing of the charge requiring a second trial. Accordingly, we hold that the trial judge was required to apply Rule 48(b)(2).

Defendant argues that our ruling today would encourage prosecutors, whenever the time limitation is running out, to dismiss and reindict and thereby gain another six-month period. Such argument is specious. Dismissals of charges are within the control of the courts and there is no reason to presume that the prosecutor would be free to violate Rule 48.

Reversed.

*Kenneth K. Fukunaga,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellant.

*Michael Kaneshiro,* Deputy Public Defender, on the brief for defendant-appellee.