STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN BASILIO PUAA-
LOHA ENGLISH, aka John Bacilo English and John Basilio Eng-
lish, Defendant-Appellant

NO. 9872

(CR. NO. 58267)

JULY 26, 1985

NAKAMURA, ACTING C.J., PADGETT, HAYASHI,
AND WAKATSUKI, JJ., AND INTERMEDIATE APPELLATE
COURT ASSOCIATE JUDGE HEEN, IN PLACE OF
LUM, C.J., RECUSED

OPINION OF THE COURT BY NAKAMURA, J.

Rule 48(b) of the Hawaii Rules of Penal Procedure (HRPP) mandates the dismissal of a charge if trial is not commenced within prescribed time limits.[1] The question is whether these limits were breached

---

[1]Rule 48(b), in relevant part, reads:

Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

(1) the date of arrest or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or

(2) from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant[.]

in the prosecution of John English for Robbery in the First Degree. The Circuit Court of the First Circuit held they were not; we conclude they were.

I.

English was arrested on September 24, 1980 for a robbery that occurred on the same day at a Gem department store. He was indicted for the offense on March 10, 1981, some five months later, and trial was scheduled to commence on June 8, 1981.[2] Subsequently, the case was consolidated for disposition with another in which the defendant had been indicted on April 23, 1981 for two robberies that occurred at a Liberty House store.[3] But pre-trial motions, including motions for continuance of trial, brought by both the defendant and the State and other factors caused the trials to be further delayed.

On August 17, 1982, nearly two years after his arrest for the episode at the Gem store, the defendant moved to dismiss the indictments in both cases pursuant to HRPP Rule 48(b) since he had not yet been brought to trial in either. Argument on the motions was heard by Circuit Judge Leland Spencer on August 19 and 24, 1982. The minutes of the proceedings denote the motions were sustained, but the "State [was] granted 45 days to re-indict the defendant, and the State [was also given permission to] file an extension for good cause." The orally-rendered decision to dismiss the prosecutions, however, was never reduced to writing and formally entered.

The State sought and obtained new indictments on January 5, 1983 for the offenses arising from the criminal episode at the Liberty House store and on March 2, 1983 for the offense arising from the Gem store happening.[4] Though it sought the indictments after substantial delays of

---

[2]This case is designated as Criminal No. 55381 in the records of the Circuit Court of the First Circuit.

[3]This case is designated as Criminal No. 55630.

[4]The indictment for the Liberty House robberies was returned in Criminal No. 58925 and the indictment for the Gem robbery was returned in Criminal No. 58267. The appeal we are considering is from the judgment of conviction and the sentence in Criminal No. 58267.

four and six months, the State did not request leave at any time to extend the 45-day deadline for reindictment set by the court when it rendered the decision to dismiss the original indictments.

Counsel for the defendant in Criminal No. 55630, the original Liberty House case, promptly filed a Motion for Entry of Order [of Dismissal] Nunc Pro Tunc. The proposed order accompanying the motion reiterated what the court had stated earlier.[5] The prosecuting attorney objected, and Judge Spencer denied the motion. In his view, the subsequent reindictments had mooted the issues raised by the motions to dismiss the original indictments. The written order prepared by the prosecuting attorney and entered by the court, however, merely stated defendant's motion for entry of an order of dismissal had been denied. The record reflects that this order was the last one relating to the indictment in Criminal No. 55381, the original case involving the Gem store robbery.[6]

Unlike counsel in the Liberty House case, defendant's attorney in the Gem case moved directly for a dismissal of the new indictment. He sought dismissal on grounds that the State's failure to reindict the defendant within 45 days of the purported dismissal had transmuted it from one without prejudice to one with prejudice and thereby foreclosed the second indictment. Judge Philip Chun heard the plea for dismissal,

---

[5]The proposed order read as follows:

ORDER GRANTING MOTION TO DISMISS NUNC PRO TUNC

THIS MATTER having come on for hearing on Defendant's Motion to Dismiss and this Court having heard argument, hereby orders that Defendant's Motion to Dismiss is granted. It is further ordered that the Office of the Prosecuting Attorney has 45 days to reindict Defendant; should the Office of the Prosecuting Attorney seek to reindict Defendant beyond said 45 day period, a Motion for Extension of Time to Reindict Defendant for good cause must be presented to this Court.

DATED: Honolulu, Hawaii, ＿ ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Deputy Prosecutor

[6]But the indictment in Criminal No. 55630 was dismissed later by another circuit judge upon defendant's subsequent motion for dismissal. Thus, the defendant was brought to trial only for the offense arising from the incident at the Gem store.

was not persuaded that a transformation had occurred, and denied the motion.

Although the case had been originally scheduled for trial beginning May 9. 1983, the submission of the motion resulted in a continuance of the trial pending decision thereon. The adoption of a new master calendaring system by the circuit court on July 1, 1983 caused a further pre-trial delay, and the case was not tried until March 5, 1984, three years and five months after the defendant's arrest. Shortly before trial, however, he again sought dismissal of the indictment, this time expressly on grounds that his right to a speedy trial under HRPP Rule 48(b) and the state and federal constitutions had been abridged. But the trial judge, Judge Richard Au, concluded English "ha[d] not been denied his right to a speedy trial under Rule 48 of the Hawaii Rules of Penal Procedure; likewise, in balancing the factors under a constitutional analysis, [he] ha[d] not been deprived of his right to a speedy trial under the U.S. Constitution or the Hawaii Constitution."

The defendant was convicted thereafter of Robbery in the First Degree in a jury trial, and he appeals from the judgment and sentence of the circuit court. He asserts the court erred in rejecting the two motions to dismiss the indictment. We initially address his claim that our speedy trial rule was violated.

II.

Our speedy trial rule, HRPP Rule 48, compels the dismissal of a charge unless trial is commenced within six months of the date of arrest or filing of the charge, whichever occurs first. HRPP Rule 48(b)(1). Where an initial charge is dismissed upon the defendant's motion, trial must be commenced within six months of the defendant's rearrest or the refiling of the charge. HRPP Rule 48(b)(2). A perusal of Judge Au's decision reveals that he assumed Rule 48(b)(2) was applicable in this instance, found some periods of delay between the indictment and trial were excludable for purposes of computing the crucial six-month period, and concluded there was no breach of the rule.[7] In our opinion,

---

[7]Judge Au made the following findings:
1. The Indictment in the instant case was returned on March 2, 1983;
2. Arraignment and Plea was on March 14, 1983, with a trial setting for the week of May 9, 1983;

his assumption that the provisions of Rule 48(b)(2) were applicable was not well-founded and his conclusion, therefore, was erroneous.

### A.

The problem here is how time limits set by Rule 48 are to be applied. As we observed, the crucial time begins to run with the arrest or the charge, whichever comes first. HRPP Rule 48(b)(1). If the charge is dismissed at the instance of the defendant and the same offense is brought forth again by the filing of a new charge, the countdown begins anew. HRPP Rule 48(b)(2); *State v. Fair*, 63 Haw. 314, 316, 627 P.2d 277, 278 (1981). The dismissal causes the initial charge to become a nullity, and the time for trial logically commences to run when there is a "re-arrest or re-filing of the charge."[8] A provision of similar import in the federal speedy trial rule likewise has been read "to mean that where the indictment is dismissed upon motion of the defendant, the slate is wiped clean, and any subsequent step toward prosecution of the defendant causes the time period to begin running anew. *United States v. Dennis*, 625 F.2d 782, 793 (8th Cir. 1980); *United States v. Hillegas*, 578 F.2d 453, 459-60 (2d Cir. 1978); *United States v. Sebastian*, 428 F. Supp. 967, 973 (W.D.N.Y.), *aff'd*, 562 F.2d 211 (2d Cir. 1977), *aff'd mem.*, 578 F.2d 1372 (2d Cir. 1978)." *United States v. McCown*, 711 F.2d 1441, 1446 (9th Cir. 1983). But the first indictment against John English for the robbery at the Gem store was not a nullity and the slate had not been

---

3. At a pretrial on April 18, 1983, the trial was taken off the trial calendar,

4. On April 5, 1983, a Motion to Dismiss Indictment was filed and was denied on April 21, 1983;

5. As of July 1, 1983, the courts switched to a master calendar system to handle a backlog of approximately three thousand to four thousand criminal cases;

6. This case was set at calendar call on November 8, 1983, and given a trial date of February 27, 1984;

7. The Defendant has not demonstrated sufficient prejudice under *Barker v. Wingo*, 407 U.S. 514 (1972).

He concluded, *inter alia,* that:

The Defendant ha[d] not been denied his right to a speedy trial under Rule 48 of the Hawaii Rules of Penal Procedure . . .

[8]This rule, of course, cannot be applied where dismissal is at the prosecutor's instance, for the State could deprive a defendant of his rights under the speedy trial rule by resort to the simple expedient of dismissal and recharge.

"wiped clean" when the second indictment for the same offense was returned.

When Judge Spencer heard the motion to dismiss the first indictment, he decided the trial of John English had been unduly delayed and made his decision known to the parties concerned. It was then incumbent upon John English's counsel to prepare an order of dismissal, allow the prosecuting attorney to consider it, and present it to the court. Rules of the Circuit Courts of the State of Hawaii (RCCH) Rule 23.[9] Counsel was derelict in this regard, and the order was never settled. Though the substance of the court's decision is captured in the minutes of court proceedings kept by the clerk who attended the hearing, they do not substitute for the requisite written document; they are merely "prepared for [the court's] own use." RCCH Rule 27.[10]

Counsel, however, made a belated attempt to have an order of dismissal entered. The prosecuting attorney resisted the entry of the proposed *nunc pro tunc* order, and the court rejected the proffered document. An order merely denying the unpunctual motion was drafted by the prosecuting attorney instead, and this order was accepted by the court.[11] Thus, the first indictment was outstanding when the second indictment was obtained and the Rule 48 clock did not begin running anew. And when the motion to dismiss the second indictment was heard, the crucial six-month period which began with the first arrest and indictment had long run. In fact, it had run when the motion to dismiss the

---

[9]RCCH Rule 23 reads:

Within 10 days after decision of the court awarding any judgment, decree or order which requires settlement and approval by a judge, including any interlocutory order, the prevailing party, unless otherwise ordered by the court, shall prepare a judgment, decree or order in accordance with the decision and secure the approval as to form of opposing counsel thereon and deliver the original and one copy to the court, or, if not so approved, serve a copy thereof upon each party who has appeared in the action and deliver the original and one copy to the court. If any party objects to a proposed judgment, decree or order, he shall within 5 days thereafter serve upon the prevailing party and deliver to the court a statement of his objections and the reasons therefor, or his proposed judgment, decree or order, and in such event, the court shall proceed to settle the judgment, decree or order.

[10]RCCH Rule 27, in relevant part, reads:

The court shall cause minutes to be prepared for its own use. Such minutes shall be appended chronologically at the bottom of the case folio.

[11]The entry of a proper order at this juncture might have "wiped the slate clean" and the reindictment of the defendant thereafter might have triggered a new six-month period.

first indictment was heard.

## B.

When we view the strictures of Rule 48(b) in the light of its purpose and policy, we have no alternative but to reverse the decision not to dismiss the second indictment.

The purpose of Rule 48 is to ensure an accused a speedy trial, which is separate and distinct from his constitutional protection to a speedy trial. And, its purpose is also in furtherance of policy considerations to relieve congestion in the trial court, to promptly process all cases reaching the courts, and to advance the efficiency of the criminal justice process. *See* Introduction to ABA Standards Relating to Speedy Trials.

Unreasonable delay in the determination of criminal action subverts the public good and disgraces the administration of justice, *People v. Solomon,* 296 N.Y. 85, 70 N.E.2d 404 (1946), and the power of a court to dismiss a case on its own motion for failure to prosecute with due diligence is inherent and exists independently of statute. *United States v. Clay,* 481 F.2d 133 (7th Cir. 1973), *cert. denied,* 414 U.S. 1009 (1973).

*State v. Estencion,* 63 Haw. 264, 268, 625 P.2d 1040, 1043 (1981) (footnote omitted). In *State v. Soto,* 63 Haw. 317, 321, 627 P.2d 279, 281 (1981), we said "the prosecutor, the court and the accused share[d] responsibility for carrying out the speedy-trial requirements of Rule 48." Here, counsel for the accused unquestionably was delinquent in carrying out his responsibility of presenting an order of dismissal. Yet, the prosecuting attorney and the court were not entirely free of blame in this respect. "Every pretrial motion is subject to prompt disposition through due diligence by all concerned." *Id.*

There was a delay of more than six months when Judge Spencer decided to dismiss the first indictment without prejudice. Even if we attributed to the accused the time lapse between the judge's oral decision and the denial of the motion for entry of an order, *nunc pro tunc,* there was further delay. Since "the rule [countenances a] six-month delay and not something [else]," *id.* at 321, 627 P.2d at 282, we reverse the denial of the motion to dismiss the second indictment. And since the defendant was tried and convicted thereunder, we vacate the judgment of conviction and the sentence and remand the case for entry of an order of

dismissal with prejudice.[12]

*John Thompson* (*Jeff L. Hossellman* on the briefs; *Schweigert & Associates*, of counsel) for appellant.

*Peter Van Name Esser*, Deputy Prosecuting Attorney, for appellee.

---

[12]Our ruling that Rule 48 was violated renders unnecessary a discussion of the constitutional issues raised by the defendant.