**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000193
23-JUN-2015
07:56 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---


STATE OF HAWAI'I, Plaintiff/Appellee,
v.
ROBERT M. MILES, a.k.a. GINO GEORGE, Defendant/Appellee,
and
EXODUS BAIL BOND, Real-Party-in-Interest/Appellant.


NO. CAAP-13-0000193


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1675)


JUNE 23, 2015


FUJISE, PRESIDING JUDGE, LEONARD and GINOZA, JJ.


OPINION OF THE COURT BY GINOZA, J.

Real-Party-in-Interest/Appellant Exodus Bail Bond
(Exodus) appeals from an "Order Denying Motion to Set-Aside Bail
Forfeiture" (Order Denying Set-Aside) entered by the Circuit
Court of the First Circuit (circuit court)[1] on February 14, 2013.
Exodus contends that the Department of the Prosecuting Attorney
(Prosecuting Attorney) does not have authority to represent the
State of Hawai'i (State) in bail forfeiture proceedings, and
thus, the "Judgment And Order Of Forfeiture Of Bail Bond" (Bail

_____

[1] The Honorable Rom A. Trader presided.

Forfeiture Judgment) entered by the circuit court pursuant to Hawaii Revised Statutes (HRS) § 804-51 (2014), which Exodus sought to set aside, is void. Exodus also contends that the Prosecuting Attorney is not authorized to enforce the Bail Forfeiture Judgment.[2]

We hold that the Prosecuting Attorney has the authority to represent the State in bail forfeiture proceedings conducted pursuant to HRS § 804-51, and therefore, we affirm the circuit court's Order Denying Set-Aside. We do not address Exodus's second issue on appeal, whether the Prosecuting Attorney is authorized to *enforce* the Bail Forfeiture Judgment. The proceedings in this case did not involve the enforcement of the Bail Forfeiture Judgment, but rather only the issuance of the Bail Forfeiture Judgment and Exodus's efforts to have that judgment set aside under HRS § 804-51.

## I. Background

In this case, Defendant Robert M. Miles, a.k.a. Gino George (Miles), was charged with Unauthorized Entry into a Motor Vehicle in the First Degree in violation of Hawaii Revised Statutes (HRS) § 708-836.5 (2014). Exodus posted bail on behalf of Miles in the amount of $5,000. Miles pleaded guilty but then failed to appear for sentencing on September 18, 2012.

Due to Miles's failure to appear at sentencing, the circuit court issued the Bail Forfeiture Judgment on October 8, 2012. By way of a letter sent certified mail and delivered on November 21, 2012, the Prosecuting Attorney gave notice to Exodus that Miles had failed to appear for sentencing and that, *inter*

---

[2] Exodus's opening brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 in many ways, which alone raises the potential for dismissal of the appeal and/or waiver of issues sought to be raised. Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995); HRAP Rule 30 ("When the brief of an appellant is otherwise not in conformity with these rules, the appeal may be dismissed . . . ."); HRAP Rule 28(b)(4) & (7). However, because we seek to address cases on the merits where possible, we address Exodus's arguments to the extent they are discernable. Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558. Exodus's counsel is cautioned to comply with HRAP Rule 28.

*alia*, the Bail Forfeiture Judgment had been filed. A copy of the Bail Forfeiture Judgment was enclosed with the letter to Exodus.

On December 20, 2012, Exodus filed a timely Motion to Set-Aside Bail Forfeiture pursuant to HRS § 804-51. A hearing was held on January 22, 2013, but because Exodus failed to provide this court with transcripts from the circuit court proceedings, the specifics of the hearing are not clear. Based on court minutes for this hearing, it appears that Exodus's counsel indicated his understanding that Miles had been surrendered, and the circuit court indicated it would need confirmation of the surrender and would deny the Motion to Set-Aside without prejudice to Exodus re-filing by February 4, 2013. Subsequently, it appears from the record that Miles in fact had not surrendered, the circuit court did not file any order as indicated in the court minutes, and Exodus filed another motion to set aside the Bail Forfeiture Judgment on February 1, 2013.[3] On February 12, 2013, a further hearing was held regarding Exodus's motion to set aside the Bail Forfeiture Judgment and on February 14, 2013, the circuit court filed its Order Denying Set-Aside.

## II. Standard of Review

In addressing whether the Prosecuting Attorney is authorized to represent the State in bail forfeiture proceedings, we consider applicable statutory and municipal charter provisions. Statutory interpretation is a question of law that

---

[3] Because the circuit court did not enter a written order consistent with the court minutes for the January 22, 2013 hearing, Exodus's motion filed on December 20, 2012 remained the operative motion. See Glover v. Grace Pacific Corp., 86 Hawaiʻi 154, 162, 948 P.2d 575, 583 (App. 1997) ("The court's minute order . . . was not the 'requisite written' order which could be enforced."). Moreover, the December 20, 2012 motion was the only *timely* motion filed by Exodus under HRS § 804-51. Exodus's February 1, 2013 motion was filed more than thirty days after Exodus received notice of the Bail Forfeiture Judgment on November 21, 2012, and thus the circuit court "was without power to consider" the untimely motion given the requirements of HRS § 804-51. State v. Ranger Ins. Co. ex rel James Lindblad, Inc., 83 Hawaiʻi 118, 124 n.5, 925 P.2d 288, 294 n.5 (1996). "HRS § 804-51 permits the filing neither of a *second* motion seeking to show 'good cause why execution should not issue' nor *any* motion after the closing of the thirty-day window." Id.; State v. Vaimili, 131 Hawaiʻi 9, 17, 313 P.3d 698, 706 (2013).

we review *de novo*. <u>Rees v. Carlisle</u>, 113 Hawai'i 446, 452, 153 P.3d 1131, 1137 (2007); <u>see also</u> <u>State v. Flores</u>, 88 Hawai'i 126, 130, 962 P.2d 1008, 1012 (App. 1998) ("The construction of Hawai'i's bail bond forfeiture scheme, as set forth in [HRS] § 804-51 . . . involves a question of law reviewable *de novo*.").

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

<u>Rees</u>, 113 Hawai'i at 452, 153 P.3d at 1137 (citation and block format omitted). "If the statutory language is ambiguous or doubt exists as to its meaning, courts may take legislative history into consideration in construing a statute." <u>Franks v. City & Cnty of Honolulu</u>, 74 Haw. 328, 335, 843 P.2d 668, 671-72 (1993) (citation, internal quotation marks and brackets omitted). We may also consider legislative history to assist in confirming our interpretation of a statute. <u>State v. Entrekin</u>, 98 Hawai'i 221, 227, 47 P.3d 336, 342 (2002).

"When interpreting a municipal ordinance, we apply the same rules of construction that we apply to statutes." <u>Rees</u>, 113 Hawai'i at 452, 153 P.3d at 1137 (citation and quotation marks omitted).

### III. Discussion

#### A. The Prosecuting Attorney Was Authorized To Represent The State In The HRS § 804-51 Bail Forfeiture Proceedings

A surety may obtain relief from a bail forfeiture judgment upon "showing good cause why execution should not issue

4

upon the judgment [.]" HRS § 804-51.[4] "[A]bsent good cause a surety's failure to surrender the defendant within the thirty-day search period provided by HRS § 804-51 mandates forfeiture of the bond." State v. Vaimili, 131 Hawai'i 9, 17, 313 P.3d 698, 706 (2013). In this case, Exodus does not assert that it showed good cause in the circuit court for why the Bail Forfeiture Judgment should be set aside, or that it did so in the required time-frame under HRS § 804-51. Instead, Exodus challenges the authority of the Prosecuting Attorney to act on behalf of the State in the bail forfeiture proceedings and contends that the Bail Forfeiture Judgment was void due to the involvement of the Prosecuting

---

[4] HRS § 804-51 provides

§804-51 Procedure. Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

This section shall be considered to be set forth in full in words and figures in, and to form a part of, and to be included in, each and every bond or recognizance given in a criminal cause, whether actually set forth in the bond or recognizance, or not.

Attorney.[5]  Exodus argues that it is entitled to relief under Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b)(1) and/or (4).[6]

Exodus's argument hinges on footnote 7 in <u>State v. Camara</u>, 81 Hawai'i 324, 916 P.2d 1225 (1996), where the Hawai'i Supreme Court stated that the applicable time frame to appeal in a bail forfeiture case was set out in Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a), and not HRAP Rule 4(b), "because forfeiture of a bond is a <u>civil proceeding</u>."  81 Hawai'i at 329 n.7, 916 P.2d at 1230 n.7 (emphasis added).  Exodus argues that, if bail forfeiture is a civil proceeding, the Department of the Attorney General (Attorney General) must represent the State, not the Prosecuting Attorney.

The authority of the Prosecuting Attorney is established by statute and county charter.  HRS § 46-1.5(17) (2012) authorizes the counties to provide for the prosecution of offenses.  It states that "[e]ach county shall have the power to provide by charter for the prosecution of all offenses and to prosecute for offenses against the laws of the State under the authority of the attorney general of the State[.]"  In turn, Section 8-104 of the Revised Charter of the City and County of Honolulu (RCCCH) (Supp. 2010)[7] establishes certain powers of the

---

[5]  Exodus's motion to set aside the bail forfeiture did not contain any argument challenging the role of the Prosecuting Attorney.  However, in its answering brief on appeal, the State acknowledges that at the February 12, 2013 hearing, Exodus argued that bail forfeiture is a civil proceeding that should be raised by the Attorney General and not by the Prosecuting Attorney.  We therefore address the issue.

[6]  It does not appear that Exodus relied on HRCP Rule 60(b) in the circuit court.  As explained <i>infra</i>, even if Exodus had sought relief under HRCP Rule 60(b) in the circuit court, it would have been of no avail because the HRCP do not apply to forfeiture of bonds.  HRCP Rule 81(a)(8); <u>Vaimili</u>, 131 Hawai'i at 10 n.3, 13-14, 18, 313 P.3d at 699 n.3, 702-03, 707.

[7]  Section 8-104 of the RCCCH provides in pertinent part:

Section 8-104.  Powers, Duties and Functions--

1. The prosecuting attorney shall:

(a) Attend all courts in the city and conduct, on

(continued...)

Prosecuting Attorney, including the power to "[a]ttend all courts in the city and conduct, on behalf of the people, all prosecutions therein for offenses against the laws of the state and the ordinances and rules and regulations of the city[,]" and to "[p]rosecute offenses against the laws of the state under the authority of the attorney general of the state."

Exodus points to the statement in <u>Marsland v. Pang</u>, 5 Haw. App. 463, 472, 701 P.2d 175, 184 (1985) that "[t]he prosecutor's powers and functions are limited to those expressly accorded to his office by the statute creating it." Further, Exodus references HRS § 28-1 (2009) regarding the matters in which the Attorney General appears and which provides that "[t]he attorney general shall appear for the State personally or by deputy, in all the courts of record, in all cases criminal or

---

[7](...continued)
behalf of the people, all prosecutions therein for offenses against the laws of the state and the ordinances and rules and regulations of the city.

(b) Prosecute offenses against the laws of the state under the authority of the attorney general of the state.

(c) Appear in every criminal case where there is a change of venue from the courts in the city and prosecute the same in any jurisdiction to which the same is changed or removed. The expense of such proceeding shall be paid by the city.

(d) Institute proceedings before the district judges for the arrest of persons charged with or reasonably suspected of public offenses, when the prosecuting attorney has information that any such offenses have been committed, and for that purpose, take charge of criminal cases before the district judges either in person or by a deputy or by such other prosecuting officer or in such other manner as the prosecuting attorney shall designate with approval of the district court or in accordance with statute; draw all indictments and attend before and give advice to the grand jury whenever cases are presented to it for its consideration; and investigate all matters which may properly come before the prosecuting attorney. Nothing herein contained shall prevent the conduct of proceedings by private counsel before courts of record under the direction of the prosecuting attorney.

(Footnotes omitted.)

7

civil in which the State may be a party, or be interested[.]"[8] In sum, Exodus contends that the Attorney General is required to appear on behalf of the State once a criminal defendant fails to appear as required in a criminal case and there is a potential bail forfeiture, because the Prosecuting Attorney is not legally authorized to act on behalf of the State in a civil proceeding.

We first note that footnote 7 in Camara dealt with the limited question of the time period for a surety to appeal once a trial court denies a motion to set aside a bail forfeiture judgment. Footnote 7 in Camara did not address in any way the question of whether the Prosecuting Attorney was authorized to act in bail forfeiture proceedings.

Importantly, in Vaimili, the Hawai'i Supreme Court rejected an argument that, given footnote 7 in Camara, bail forfeiture is a civil proceeding requiring that a bail forfeiture judgment be subject to post-judgment review similar to any other civil judgment. 131 Hawai'i at 13-14, 313 P.3d at 702-03. Rather, the court in Vaimili recognized that, despite footnote 7 in Camara, HRCP Rule 81(a)(8) expressly provides that the rules of civil procedure do *not* apply to proceedings for the forfeiture of bonds.[9] Vaimili, 131 Hawai'i at 10, 13-14, 313 P.3d at 699, 702-03. Accordingly, the court held that a motion seeking to set aside a bail forfeiture judgment could *not* be brought under HRCP

---

[8] Exodus further cites to HRS § 28-2 (2009) which provides that "[t]he attorney general shall also enforce all bonds and other obligations in favor of the State that may be placed in the attorney general's hands for that purpose, by any person having the lawful custody of the papers[.]"

[9] HRCP Rule 81(a)(8) provides:

**Rule 81. Applicability.**
(a) *To what proceedings not applicable.* Except as expressly otherwise provided in this Rule 81 or another rule of court, these rules shall not apply to the following proceedings (pursuant to specific provisions of the Hawai'i Revised Statues when cited below) in any circuit court:
. . . .
(8) Proceedings for the forfeiture of bonds under section 709-51, as the same may be renumbered[.]

We note that HRS § 709-51, which is referenced in the rule, was renumbered as HRS § 804-51. 1972 Haw. Sess. Laws Act 9, § 1 at 139.

Rule 60(b).  Id. at 10, 313 P.3d at 699.  Thus, Exodus's argument seeking relief under HRCP Rule 60(b) has been previously rejected by the Hawai'i Supreme Court.

Additionally, the court in Vaimili held that HRS § 804-51 "controls in situations where a judgment of forfeiture has been entered."  Id. at 17, 313 P.3d at 706.  Indeed, we note that Hawai'i Rules of Penal Procedure (HRPP) Rule 46(a) provides:

> Rule 46. BAIL; BOND.
>
> (a) *Bail.*  The right to bail before conviction or upon review, the form and amount thereof, and the matters of justification of sureties, <u>forfeiture of bail</u>, and exoneration of obligors and sureties <u>shall be as provided by law</u>. (See Hawai'i Revised Statutes, <u>Chapter 804</u>.)

(Emphases added.)

In line with the rulings in Vaimili, and given HRPP Rule 46(a), we focus on HRS § 804-51 in determining whether the Prosecuting Attorney is authorized to act in bail forfeiture proceedings established by that statute.  We start with the language of HRS § 804-51, which provides:

> Whenever the court, <u>in any criminal cause</u>, forfeits any bond or recognizance given in a <u>criminal cause</u>, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given . . . to the surety . . . of  the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety . . . of the entry of the judgment in favor of the State, a motion or application of the . . . surety . . . showing good cause why execution should not issue upon the judgment, is filed with the court. . . .
>
> This section shall be considered to be set forth in full in words and figures in, and to form a part of, and to be included in, each and every bond or recognizance given in a <u>criminal cause</u>, whether actually set forth in the bond or recognizance, or not.

(Emphases added.)  By its express terms, HRS § 804-51 establishes forfeiture proceedings in a "criminal cause."  It is thus consistent that HRCP Rule 81(a)(8) provides that the rules of civil procedure do not apply to bail bond forfeitures.

The legislative history for HRS § 804-51 establishes that the purpose behind the statute was to streamline the bail

9

forfeiture process and avoid the necessity of a separate action. The predecessor statute to HRS § 804-51 was Revised Laws of Hawai'i (RLH) § 5461 (1935),[10] which was adopted in 1933 by the Legislature of the Territory of Hawai'i and, similar to the current statute, had the express language stating it applied to a "criminal cause." 1933 Haw. Sess. Laws Act 17, §§ 1-3. RLH § 5461 was enacted in order "to render unnecessary the institution by the Territory of Hawaii of any suit to recover on such bond when the same is declared forfeited." S. Stand. Comm. Rep. No. 71, in 1933 Senate Journal, at 363-64; see also H. Stand. Comm. Rep. No. 87, in 1933 House Journal, at 397 ("This Bill would permit judges . . . to enter up judgment . . . immediately upon a forfeiture being declared. . . . Under the law as it now exists, suit must be brought before judgment may be recovered on such bonds."). Thus, the legislative intent was to allow for the bail forfeiture judgment to be entered in the criminal cause without need for a separate suit.

---

[10] RLH § 5461 provided:

**FORFEITURE**
**Sec. 5461. Procedure.** Whenever the court, judge, or magistrate in any <u>criminal cause</u> shall forfeit any bond or recognizance given in a <u>criminal cause</u> or any peace bond, such court, judge or magistrate shall immediately enter up judgment in favor of the Territory and against the principal or principals and surety or sureties on such bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of ten days from the date of the entry of the judgment, unless before the expiration of ten days from the entry of the judgment a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, shall be filed with the court, judge or magistrate. If motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.
This subtitle shall be considered to be set forth in full in words and figures in, and to form a part of, and to be included in, each and every bond or recognizance given in a <u>criminal cause</u> and in each and every peace bond, whether actually set forth in such bond, recognizance, or peace bond, or not.

(Emphases added.)

Further, in amending HRS § 804-51 in 1989, the legislative history recognized the involvement of the "prosecution" in the bail forfeiture process. The 1989 amendments included a new provision that, when the court grants a motion vacating a bail forfeiture judgment, allows the State to recover costs that were incurred due to, *inter alia*, a defendant's nonappearance. 1989 Haw. Sess. Laws Act 289, § 1 at 643. In Standing Committee Report No. 857, the Senate Committee on the Judiciary stated that:

> Your Committee sees a need to balance both the interest of the bail bondsmen with that of the prosecution and the court in order to promote fairness to all parties involved in the process. In such regard, in the event that the [bail] forfeiture is vacated by the court, your Committee believes that it is appropriate that the prosecution and the court be reimbursed for the costs incurred by them.

S. Stand. Comm. Rep. No. 857, in 1989 Senate Journal, at 1128 (emphases added). The Senate Committee on the Judiciary thus envisioned that the "prosecution" is involved in the bail forfeiture process.

In construing HRS § 804-51, which is part of HRS Title 38 covering procedural and supplementary provisions for criminal proceedings, we also consider laws *in pari materia*. "Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another." HRS § 1-16 (2009); Richardson v. City & Cnty. of Honolulu, 76 Hawai'i 46, 55, 868 P.2d 1193, 1202 (1994). Reading other provisions in HRS Chapter 804 *in pari materia* with HRS § 804-51 further evidences the legislative intent that the Prosecuting Attorney be involved in bail forfeitures. The Hawai'i Supreme Court has recognized that

> HRS §§ 804-1, -7.4(2), -17, and -51, . . . read in pari materia, . . . mandate that, upon a defendant's unexcused failure to appear for a court proceeding, (1) the defendant's 'default shall be entered,' (2) the default 'shall be evidence of the breach of an appearance bond,' and (3) *if* the defendant's bail bond is forfeited, 'the court shall immediately' enter a forfeiture judgment in favor of the State and against the defendant and his or her surety.

State v. Ranger Ins. Co. ex rel James Lindblad, Inc., 83 Hawai'i
118, 122, 925 P.2d 288, 292 (1996) (brackets omitted). In turn,
HRS § 804-7.2 (2014) expressly recognizes the role of the
Prosecuting Attorney related to violations of conditions of
release on bail, stating in relevant part that "[u]pon verified
application by the prosecuting attorney alleging that a defendant
has intentionally violated the conditions of release on
bail . . . , the judicial officer named in section 804-5 shall
issue a warrant directing the defendant be arrested and taken
forthwith before the court [of] record for hearing." (Emphasis
added.) Relatedly, a general condition of release on bail is
that the person released must appear at all court hearings at
which his or her presence is required. HRS § 804-7.4 (2014).
The Prosecuting Attorney is thus authorized to act under HRS
§ 804-7.2 to ensure the presence of criminal defendants at
criminal proceedings. Given the overall statutory scheme set
forth in HRS Chapter 804, it follows that the Prosecuting
Attorney is authorized to act in regard to bail forfeiture
proceedings conducted pursuant to HRS § 804-51, because such
proceedings not only involve forfeiture of a bail bond but also
efforts to secure the surrender of the defendant.

For all of these reasons, we conclude that representing
the State in bail forfeiture proceedings established by HRS
§ 804-51 is within the authority granted to the Prosecuting
Attorney. Such proceedings facilitate the prosecution of
offenses and come within the Prosecuting Attorney's authority
under HRS § 46-1.5(17) and RCCCH Section 8-104. After all, the
primary purpose of bail in a criminal case is "to honor the
presumption of innocence, to allow a defendant to prepare his [or
her] case, and to ensure the defendant's presence in the pending
proceeding." Camara, 81 Hawai'i at 331, 916 P.2d at 1232
(citation and quotation mark omitted) (emphasis added); Vaimili,
131 Hawai'i at 16 n.22, 313 P.3d at 705 n.22.

### B.   The Proceedings In this Case Did Not Involve Enforcement of the Bail Forfeiture Judgment

As noted earlier, we will not address Exodus's other point of error alleging that the Prosecuting Attorney was not authorized to enforce the Bail Forfeiture Judgment.  The only proceedings had in the circuit court as to bail forfeiture were, as provided under HRS § 804-51, the circuit court's issuance of the Bail Forfeiture Judgment upon Defendant Miles's failure to appear at sentencing and Exodus's efforts to have the Bail Forfeiture Judgment set aside.  Nothing in the proceedings dealt with enforcing the Bail Forfeiture Judgment, or in other words, ensuring that Exodus paid amounts due under the Bail Forfeiture Judgment.[11]

### IV.   Conclusion

Based on the foregoing, we hold that the Department of the Prosecuting Attorney is authorized to act in regard to bail forfeiture proceedings established by HRS § 804-51 within the context of a criminal cause.  Accordingly, we affirm the "Order Denying Motion to Set-Aside Bail Forfeiture By Exodus Bail Bonds," entered on February 14, 2013, in the Circuit Court of the First Circuit.


On the briefs:

Anthony T. Fujii
for Real-Party-In-Interest/
Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff/Appellee

---

[11] At the end of its opening brief, Exodus makes an extraneous argument, not set forth in any point of error, that because the Prosecuting Attorney was informed in April 2013 (after entry of the Order Denying Set-Aside) that Miles had been arrested and was being held in Nevada, Exodus should be afforded relief from the Bail Forfeiture Judgment.  This argument is clearly outside the parameters established by HRS § 804-51 because it is raised well beyond the thirty-day window.  Vaimili, 131 Hawai'i at 17, 313 P.3d at 706; Ranger Ins. Co., 83 Hawai'i at 124 n.5, 925 P.2d at 294 n.5.; Camara, 81 Hawai'i at 330, 916 P.2d at 1231.  Further, Exodus's conjecture that the Prosecuting Attorney may have known of Miles's whereabouts during the thirty-day period is not supported by anything in the record.