NO. CAAP-13-0004352

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DANIEL WOMACK, Defendant-Appellee,
v.
EXODUS BAIL BOND,
Real-Party-In-Interest-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-0878)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Real-Party-In-Interest-Appellant Exodus Bail Bond (Exodus) appeals from an "Order Denying Motion to Set-Aside Bail Forfeiture" (Order Denying Set Aside) filed on October 9, 2013 in the Circuit Court of the First Circuit (circuit court).[1]

On appeal, Exodus contends the circuit court erred when it: (1) did not find "good cause" to set aside the bail forfeiture judgment because there was nearly a four year delay between Defendant-Appellee Daniel Womack's (Womack) failure to appear for trial call and the written notice given to Exodus of bail forfeiture; (2) refused to issue a subpoena to the military to release Womack's records; and (3) denied Exodus's request to

---

[1] The Honorable Randal K.O. Lee presided.

enlarge the search period for a second time to locate Womack.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as relevant statutory and case law, we resolve Exodus's points of error as follows.

Plaintiff-Appellee State of Hawaiʻi (State) charged Womack with: two counts of Assault in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(d) (2014); two counts of Terroristic Threatening in the First Degree, in violation HRS § 707-716(1)(e) (Supp. 2012); and Criminal Property Damage in the Third Degree, in violation of HRS § 708-822(1)(b) (2014).  The court set bail for $15,000 and Exodus issued bail.

On August 6, 2009, Womack failed to appear for trial call, after which the circuit court issued a bench warrant for his arrest and orally granted the State's request for bail forfeiture.

On April 30, 2013, nearly four years after Womack failed to appear for trial call, the circuit court filed a "Judgment and Order of Forfeiture of Bail Bond" (Bail Forfeiture Judgment).  On May 28, 2013, Exodus received written notice from the State of the Bail Forfeiture Judgment and timely filed its "Motion to Set-Aside Bail Forfeiture" (Motion to Set Aside) on June 20, 2013.  Thereafter, on October 9, 2013, the circuit court issued its Order Denying Set Aside.

---

[2] Exodus's Opening Brief does not comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28 in several ways, which alone raises the potential for dismissal of the appeal and/or waiver of issues sought to be raised. Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995). For example, the statement of the case does not include references to the record and two out of three points in the argument section of the brief do not include citations to authority.  HRAP Rule 28(b)(3), (7).  However, because we seek to address cases on the merits where possible, we address Exodus's arguments to the extent they are discernable.  Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558.  Exodus's counsel is again cautioned to comply with HRAP Rule 28, and future non-compliance may result in sanctions.  State v. Miles, 135 Hawaiʻi 525, 526n.2, 354 P.3d 178, 179n.2 (App. 2015).

**(1)  Exodus's Motion to Set Aside Bail Forfeiture**

   **(a)  "Good cause"**

Exodus contends that the circuit court erred when it did not find "good cause" to set aside the bail forfeiture, arguing that the nearly four-year delay between Womack's failure to appear and the written notice given to Exodus constituted good cause.

Under HRS § 804-51 (2014),[3] once a surety has notice of a bail forfeiture judgment, the surety has thirty days after notice to move to set aside the judgment for good cause. See State v. Diaz, 128 Hawaiʻi 215, 223, 286 P.3d 824, 832 (2012). "[G]ood cause why execution should not issue upon the judgment of forfeiture may be satisfied by the defendant, prior to the expiration of the thirty-day search period: (1) providing a satisfactory reason for his or her failure to appear when

---

[3] HRS § 804-51 provides:

> **§ 804-51 Procedure.**  Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

required; or (2) surrendering or being surrendered."  State v. Camara, 81 Hawaiʻi 324, 330, 916 P.2d 1225, 1231 (1996) (quotation marks omitted).  A satisfactory reason for failure to appear may be "uncontrollable circumstances [that] prevented appearance pursuant to the stipulations in the bond, or that the default of the principal was excusable."  Id. at 330, 916 P.2d at 1231 (citation, quotation marks, and brackets omitted).

In this case, Exodus did not locate Womack during the search period.  Exodus did not provide a satisfactory reason for why Womack failed to appear for trial call, and Womack was not surrendered.  Thus, under relevant case law, Exodus did not satisfy the criteria for showing good cause to set aside the Bail Forfeiture Judgment.

**(b)  Prejudicial effect**

Although Exodus argues that the delayed notification of bail forfeiture should constitute good cause, the delay is more properly addressed in terms of whether Exodus was prejudiced. In State v. Ranger Ins. Co. ex rel James Lindblad, Inc., 83 Hawaiʻi 118, 925 P.2d 288 (1996), the Hawaiʻi Supreme Court analyzed whether a delay of nearly three months between the circuit court's oral granting of the prosecution's motion for forfeiture of bail and the entry of a bail forfeiture judgment constituted reversible error.  Id. at 121-22 925 P.2d at 291-92. The supreme court stated that pursuant to HRS §§ 804-1, -7.4(2), -17, and -51 (1993):

> upon a defendant's unexcused failure to appear for a court proceeding, (1) the defendant's default shall be entered, (2) the default shall be evidence of the breach of an appearance bond, and (3) *if* the defendant's bail bond is forfeited, the court shall immediately enter a forfeiture judgment in favor of the State and against the defendant and his or her surety.

Id. at 122, 925 P.2d at 292 (internal quotation marks and brackets omitted).  The supreme court concluded that "[h]aving orally granted the prosecution's motion for bail forfeiture, the circuit court should, *sua sponte*, 'immediately' have entered a forfeiture judgment."  Id. (emphasis added).  Despite the fact

4

that the forfeiture judgment was not entered immediately in Ranger, the supreme court held that the surety was not prejudiced by the delay.  Id.

The supreme court concluded that because the surety had actual notice of the defendant's failure to appear, the surety likely benefitted from the delay in entering the forfeiture judgment rather than being prejudiced by it.  Id.  Therefore, the supreme court held "that the circuit court's 'delayed' entry of forfeiture judgment resulted in no prejudice to the [s]urety and did not render the judgment void or otherwise unlawful."  Id.

In this case, the record is unclear and the circuit court did not make any findings as to whether Exodus had actual notice of Womack's failure to appear for trial call on August 6, 2009, prior to the Bail Forfeiture Judgment being entered on April 30, 2013 and the written notice on May 28, 2013.  The circuit court minutes indicate that at the trial call, Kevin O'Grady, Womack's attorney, stated that he "did not know where [Womack] was and he contacted [Exodus] and they also were not in contact with [Womack]."  This indicates that Exodus may have had notice that Womack was missing and would not appear as required.  However, the transcript from the trial call is not in the record, and the court minutes are not a substitute for the transcript because they "are merely prepared for the court's own use."  State v. English, 68 Haw. 46, 52, 705 P.2d 12, 16 (1985) (citation, quotation marks, and brackets omitted).

In light of Ranger, if Exodus had actual notice of Womack's failure to appear at the trial call in or around the same time period, Exodus was not prejudiced by the delay in entering the Bail Forfeiture Judgment.  The record is not clear as to whether Exodus did in fact have such actual notice.  Therefore, we conclude under Ranger that the case should be remanded for the circuit court to determine whether Exodus had actual notice of Womack's non-appearance in or around the time period of the trial call, and whether Exodus was prejudiced by the delayed entry of the Bail Forfeiture Judgment.

5

### (2)  Subpoena to the Military

Exodus contends that the circuit court erred when it did not issue a subpoena to the military to release Womack's records to assist Exodus in determining Womack's whereabouts.  In the first hearing on Exodus's Motion to Set Aside on June 25, 2013, the circuit court denied Exodus's request for a subpoena on the basis that Exodus needed to first do its due diligence in contacting the military before the court would step in.  At the second hearing held on September 24, 2013, Exodus could not provide any further information as to what efforts it had made to contact the military and obtain Womack's records.

Based on this record, we conclude that the circuit court did not abuse its discretion in denying Exodus's request to subpoena Womack's military records.

### (3)  Extension of search period

Exodus contends that the circuit court erred when it denied Exodus's request to enlarge the search period.[4]  Based on Camara, Exodus was required to show good cause within the thirty-day search period.  81 Hawaiʻi at 330, 916 P.2d at 1231.  Therefore, the circuit court did not abuse its discretion when it denied Exodus's request to extend the time to locate Womack even further beyond the thirty-day search period.

Therefore,

IT IS HEREBY ORDERED that the "Order Denying Motion to Set-Aside Bail Forfeiture," filed on October 9, 2013 in the Circuit Court of the First Circuit is affirmed to the extent that Exodus did not show "good cause" to set aside bail forfeiture.  However, this case is remanded to the circuit court for further proceedings regarding whether Exodus was prejudiced by the

---

[4]  The circuit court had already continued the hearing on Exodus's Motion to Set Aside, allowing Exodus additional time to search for Womack.

delayed entry of the Bail Forfeiture Judgment, consistent with this decision.

DATED:  Honolulu, Hawaiʻi, November 27, 2015.


On the briefs:

Anthony T. Fujii,
for Real-Party-In-                          Presiding Judge
Interest-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,                Associate Judge
City and County of Honolulu,
for Plaintiff-Appellee.

                                            Associate Judge